```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF WISCONSIN
```

| | | |
|---|---|---|
| ALBERT PATTERSON d/b/a<br>WORLD WRESTLING ASSOCIATION,<br>SUPERSTARS OF WRESTLING, INC. and<br>d/b/a W.W.A. SUPERSTARS | ) ) ) ) ) | |
| Plaintiff | ) ) | No. 04 C 0192 |
| v. | ) ) | |
| TVN ENTERTAINMENT CORPORATION,<br>GENERAL COMMUNICATIONS, INC.,<br>EBATES SHOPPING.COM, INC.,<br>MUSCATINE POWER & WATER (MPW) CABLE<br>AMAZON.COM, INC., EPINIONS.COM<br>PPVN NETWORK HOLDING, INC.<br>PAR-PER-VIEW NETWORK. INC.<br>TNA ENTERTAINMENT, LL.C. and<br>MUZE, INC. | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED<br><br>MAGISTRATE JUDGE<br>WILLIAM E. CALLAHAN |
| Defendants | ) | |

FIRST AMENDED COMPLAINT

COUNT ONE

1. This is an action for unfair competition, and trade mark and service mark infringement of the plaintiff's names and marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING. It arises under the laws of the United States including the Federal Trade Mark Act of 1946, Section 1051 et. seq. of Title 15 of the United States Code, and the laws of the State of Wisconsin relating to unfair competition and to trade name, trade mark and service mark infringement. Each matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, arises under the laws of the United States and the State of Wisconsin, and is

between citizens of different states. Plaintiff demands a jury trial.

2. The court has jurisdiction over the subject matter and the parties under Sections 1121 and 1125(a) of Title 15 of the United States Code as well as the provisions of Sections 1113(a), 1332(a) and (c) 1337(a) and (c), 1338(a) and (b) of Title 28 of the United States Code.

3. Plaintiff Albert Patterson resides at 3840 N. Sherman Blvd., Milwaukee, Wisconsin 53216 and does business under the names WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING at said address in Milwaukee, Wisconsin.

4. Defendant TVN ENTERTAINMENT CORPORATION is a corporation incorporated under the laws of Delaware. TVN Corporation does business in the State of Wisconsin. Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

5. Defendant General Communications, Inc. is an Alaskan corporation which does business in the State of Wisconsin with its principal place of business in Anchorage, Alaska. Defendant General Communications, Inc. does business as Alaska Wireless Cable. Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c)

2

of Title 28 of the United States Code.

6. Defendant Ebates Shopping.com, Inc. is a California corporation. Defendant Ebates Shopping.com Inc. does business in Wisconsin through its advertisements through the internet to Wisconsin residents. Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

7. Defendant Muscatine Power & Water (MPW) CABLE is a corporation doing business in Wisconsin. Venue as to defendant Muscatine Power and Water as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

8. Defendant Amazon.com LL.C. is a limited liability company corporation that does business inWisconsin
by advertising its products on the internet to Wisconsin residents. Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

9. Defendant Epinions.com holds itself out to the public as a proprietorship and does business in Wisconsin by advertising its products on the internet to Wisconsin residents. Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

10. Defendant PPVN Holding Company is a Delaware corporation that does business in Wisconsin by promoting and/or licensing

3

wrestling entertainment events which are broadcast in Wisconsin on television, including pay per view.      Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

    11.   Defendant Pay-Per-View Network, Inc. does business in Wisconsin by promoting and/or licensing wrestling entertainment events which are broadcast in Wisconsin on television, including pay per view.   Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

    12.   Defendant TNA Entertainment, LL.C. does business in Wisconsin by promoting and/or licensing wrestling entertainment events which are broadcast in Wisconsin on television, including pay per view.   Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

    13.   Defendant Muze, Inc. is a corporation that warehouses products for sale throughout the United States including Wisconsin. and specifically warehouses and distributes products for sale throughout the United States bearing plaintiff's marks as later defined in paragraphs 15 and 16.     Venue as to this defendant as to each count in this complaint lies within the District as provided by Section 1391(c) of Title 28 of the United States Code.

    14.   The court has jurisdiction over the unfair claims here and under the provisions of 28 U.S.C. Section 1338(b) in that said claims are joined with the substantial and related claim under the

4

Case 2:04-cv-00192-WEC   Filed 03/02/04   Page 4 of 18   Document 3

trademark laws of the United States, 15 U.S.C.S. Section 1051 et seq.

15. Plaintiff adopted the marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, and SUPERSTARS OF PRO WRESTLING on or about October 16, 1979 and has used the marks in Interstate Commerce in the sale, advertising and promotion of entertainment, services - namely promotion, production and exhibition of professional wrestling matches and in the licensing of the marks. Plaintiff adopted the marks WORLD WRESTLING ASSOCIATION, W.W.A., AND W.W.A. SUPERSTARS OF WRESTLING on or about 1978 and has used the marks in Interstate Commerce in the sale, advertising and promotion of entertainment, services - namely promotion, production and exhibition of professional wrestling matches and in the licensing of the marks.

16. Plaintiff used such marks in conjunction with his solely owned corporation, United Wrestling Association, Inc. <u>Exhibit G</u>. In conjunction with such use, the United Wrestling Association, Inc, a Wisconsin corporation, filed for adoption of the tradename U.W.A. SUPER STAR WRESTLING which has been renewed to date. <u>Exhibits H and I.</u> United Wrestling Association, Inc. sold all of its interests in said marks to Albert Patterson on or about November 27, 1992. In or about 1987 plaintiff incorporated Plaintiff World Wrestling Association, Inc., a Wisconsin Corporation, and subsequently caused that corporation to change its name to WORLD WRESTLING ASSOCIATION, SUPERSTARS OF WRESTLING, INC. Notwithstanding the incorporation in 1987, Patterson has used the

5

service marks WORLD WRESTLING ASSOCIATION and W.W.A. since 1979 alone and in conjunction with the marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, which marks have appeared as W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING and has used the marks in Interstate Commerce in the sale, advertising and promotion of entertainment, services - namely promotion, production and exhibition of professional wrestling matches, and wrestling video programs and in the licensing of the marks.

17. Plaintiff registered the mark SUPERSTARS OF WRESTLING SW with the United States Department of Commerce, Patent and Trademark Office under Registration Number 1857015 on October 4, 1994. A copy of the Notice of Acceptance of Registration under 15 U.S.C. 1058(a)(1) from the United States Department of Commerce Office of Patents and Trademarks dated April 20, 2000 is attached as <u>Exhibit F</u>.

18. As an independent claim for relief, plaintiff Patterson alleges unfair competition by defendants under 15 U.S.C. Section 1125(a) and at common law. This court has jurisdiction over the subject matters and the parties to this action under Sections 1332(a), (c) and 1338(b) of Title 28 of the United States Code. Since 1979 Plaintiff Patterson has used and his related affiliated companies have used and are using the trade names and service marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION

6

SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING.

19. By virtue of substantial advertising, promotion of its business and entertainment service sales under the marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING and plaintiff's licensing of such marks, and plaintiff's maintenance of high quality standards relating to such services, the name and marks have become known by the pubic as indicating a source or origin of these services in plaintiff and his related or affiliated companies.

20. Attached as plaintiff's <u>Exhibits A through E</u> and <u>K through M</u> to the original complaint are examples of plaintiff's advertising and promotional activities in conjunction with the service marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING. Plaintiff's <u>Exhibit J</u> contains examples of defendants' use of the marks.

21. The plaintiff believes and upon such belief alleges that beginning on or about 1999 the defendants adopted and commenced use of the designation "Superstar Wrestling", "Superstars Wrestling" and "Superstars of Wrestling" in the United States with the intent of competing unfairly with plaintiff. Defendants have misappropriated the names "World Wrestling Association", "W.W.A.", "World Wrestling Association Superstars, W.W.A. Superstars, "W.W.A. Superstars of Wrestling", "Superstar Wrestling", "Superstars Wrestling", and "Superstars of Wrestling" by advertising in the manner and form shown in <u>Exhibits A through E and K through M</u> attached hereto and incorporated by reference. Since adoption of the names and marks "World Wrestling Association", "W.W.A.", "World Wrestling Association Superstars", "W.W.A. Superstars", "W.W.A. Superstars of Wrestling", "Superstar Wrestling", "Superstars Wrestling" and "Superstars of Wrestling" by defendants, public confusion has arisen and is likely to continue as to the source, origin or sponsorship of defendants' entertainment and promotional service business.

22. The plaintiff is informed and believes, and upon such information and belief alleges that defendants had actual knowledge of plaintiff's ownership of the trade name and service marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING

8

prior to the first adoption or use by defendants of such trade name or service mark.

23. Defendants have neither sought nor obtained permission of plaintiff or any of plaintiff's affiliates or related companies to use "World Wrestling Association", "W.W.A.", "World Wrestling Association Superstars", "W.W.A Superstars", "W.W.A. Superstars of Wrestling", "Superstars of Wrestling" or "Superstar Wrestling" or "Superstars Wrestling" in conjunction with defendants' businesses.

## COUNT TWO

### Federal Unfair Competition

Plaintiff hereby realleges, as fully set forth, the allegations of paragraphs 1 through 23, inclusive of Count I herein as paragraphs I through 23 of this Count Two.

24. Continually since on or about October, 1979, plaintiff has used the mark SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING and SUPERSTARS OF PRO WRESTLING to identify its services and to distinguish them from those produced, disseminated and sold by others, by, among other things, prominently displaying the marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING and SUPERSTARS OF PRO WRESTLING in association with advertising the services and on displays associated with the services. In addition, plaintiff has prominently displayed said marks in store fronts, periodic advertising, radio, television advertising and by other means common to the pertinent trade.

9

25. Continually since on or about 1979, plaintiff has used the marks SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, in conjunction with the initials representing the WORLD WRESTLING ASSOCIATION, "W.W.A.", to advertise and promote with the marks WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING to identify its services and to distinguish them from those produced, disseminated and sold by others, by, among other things, prominently displaying the marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING in association with advertising the services and on displays associated with the services. In addition, plaintiff has prominently displayed said marks in store fronts, periodic advertising, radio, television advertising, created wrestling video programs for broadcast, licensing and by other means common to the pertinent trade.

26. Said services, advertisements, videos programs and licensing have been performed and distributed in the trade area where defendants are doing business.

27. As a result of said sales, advertising, video programs and licensing by plaintiff under said marks, said marks have

developed and possess a secondary and distinctive trademark meaning to purchasers of such services. Said marks have come to indicate to said purchasers entertainment service originating with the plaintiff.

28. As a result of this said association by purchasers of the marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING with plaintiff, defendants' said use of the marks and names "World Wrestling Association", "W.W.A.", "World Wrestling Association Superstars", "W.W.A Superstars", "W.W.A. Superstars of Wrestling","Superstar Wrestling", "Superstars Wrestling", and "Superstars of Wrestling" constitute the use of false designation of origin, or a false representation, wrongfully and falsely designates defendants' services as originating from or connected with plaintiff, and constitutes utilizing false descriptions or representations in interstate commerce.

29. Defendants said acts are in violation of 15 U.S.C. 1125(a).

<u>COUNT THREE</u>

As the third ground for relief, plaintiff repeats and realleges paragraphs 1 through 23 of Count I and paragraphs 24 through 29 of Count Two herein as paragraphs 1 through 29 in this

11

Count Three.

30. Defendants had knowledge of plaintiff's rights to use the marks WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING and used such marks notwithstanding such knowledge.

31. Defendants wilfully violated 15 U.S.C. 1125(a).

COUNT FOUR

As the fourth ground for relief, plaintiff repeats and realleges paragraphs 1 through 23 of Count One and paragraphs 24 through 29 of Count Two herein as if fully alleged as paragraphs I through 29 of this Count Four.

30. Plaintiff devised and adopted a unique method of advertising whereby he would select and promote a collection of individual wrestlers - each possessing a unique persona. Plaintiff's promotional point of performance displays and advertisements were consistent in their composition - consisting of a montage of photographs of individual "performers" who in turn conveyed their unique individual personas by their stage names, appearance and manner of dress - all under the rubric of WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS

12

WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING. Attached as <u>Exhibits A through E</u> and <u>K through M</u> are examples of plaintiff's advertisement which are illustrative of this methodology.

31. Utilizing this advertising scheme, plaintiff developed a proprietary method of doing business and built a reputation in the industry and to the consuming public.

32. Defendants later adopted and used an advertising scheme which is strikingly similar to plaintiff's. Attached as <u>Exhibit J</u> are examples of defendants' advertisements and programs which demonstrate the similarity between plaintiff's and defendants' method of advertising.

33. As a result of defendants' misappropriation of plaintiff's methods of advertising, plaintiff was severely inhibited in his efforts to build his entertainment business.

34. By virtue of defendants' acts, here and above pleaded, defendants have engaged in unfair competition with plaintiff.

<u>COUNT FIVE</u>

State Trademark Infringement

As a complete and independent ground for relief, plaintiff repeats and realleges paragraphs 1 through 23 of Count One and paragraphs 24 through 29 of Count Two herein as if fully alleged at paragraphs 1 through 29 of this Count Five.

30. On March 6, 1980, plaintiff Patterson applied for

13

registration of the mark U.W.A SUPERSTAR WRESTLING in the State of Wisconsin and on this same date the Wisconsin Secretary of State issued plaintiff's wholly owned corporation certificate of registration number 28974. A copy of said registration is attached hereto as Exhibit H and incorporated herein by reference.

31. As a result of the long experience and care and skill of the plaintiff in producing, promoting and selling its services, it has established a reputation for excellence.

32. Notwithstanding said use and registration by plaintiff of said service mark, the defendants wilfully disregarding plaintiff's rights, on or about 1999 began to promote and offer for sale in the state of Wisconsin services similar to plaintiff under a mark similar to plaintiff's service mark -namely, "World Wrestling Association", "W.W.A.", "World Wrestling Association Superstars", "W.W.A. Superstars", "W.W.A. Superstars of Wrestling", "Superstars of Wrestling" and "Superstars Wrestling and "Superstar Wrestling".

33. Defendants' acts, here and above pleaded, have caused and there exists a likelihood of injury to plaintiff's business reputation and constitutes unlawful duplication reproduction and or infringement under Wis Stat Section 132.01 et seq.

PRAYER FOR RELIEF

Wherefore plaintiff Patterson prays with respect to Counts One through Five:

1. That each defendant, and where the defendants are entities, their officers, agents, servants, employees, attorneys and all those persons in active concert or participation with it,

14

be enjoined from indirectly or indirectly from using the words WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A. SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, and W.W.A. SUPERSTARS OF PRO WRESTLING SUPERSTAR WRESTLING or any other mark, word or name similar to any of plaintiff's marks which is likely to cause confusion and continuing any and all acts of unfair competition as herein alleged.

2. That each defendant be required to account to plaintiff for any and all profits derived by defendants from the sale of its entertainment services, royalties from the sale of goods and services bearing the mark under license from the defendants, and for all damages sustained by plaintiff by reason of said acts of infringement and unfair competition complained of herein.

3. That each defendant be required to deliver up and destroy all devices, literature, advertising and other materials bearing the infringing designation.

4. That the plaintiff be granted all relief afforded under the Lanham Act including but not limited to treble damages for wilful violations of said Act.

5. That the plaintiff's attorneys fees be awarded in this action.

6. That costs be awarded in this action.

7. That the court award such other and further relief as it

15

shall deem just.

                                      ALBERT PATTERSON

                                  _____
                                  Charles Drake Boutwell, His attorney

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Il 60062
847-272-2126

                        CERTIFICATE OF SERVICE

    I, Charles Drake Boutwell, hereby certify that a copy of the First Amended Complaint will be served on each defendant by summons or waiver of service of summons.

                          _____
                          Charles Drake Boutwell

17

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON d/b/a              )
WORLD WRESTLING ASSOCIATION,        )
SUPERSTARS OF WRESTLING, INC. and   )
d/b/a W.W.A. SUPERSTARS             )
                                    )
          Plaintiff                 )   No. 04 C 0192
                                    )
          v.                        )
                                    )
TVN ENTERTAINMENT CORPORATION,      )   JURY TRIAL DEMANDED
GENERAL COMMUNICATIONS, INC.,       )
EBATES SHOPPING.COM, INC.,          )
MUSCATINE POWER & WATER (MPW) CABLE)    MAGISTRATE JUDGE
AMAZON.COM, INC., EPINIONS.COM      )   WILLIAM E. CALLAHAN
PPVN NETWORK HOLDING, INC.          )
PAR-PER-VIEW NETWORK. INC.          )
TNA ENTERTAINMENT, LL.C. and        )
MUZE, INC.                          )
          Defendants                )
```

## CERTIFICATE OF INTEREST

The undersigned, counsel of record for Albert Patterson d/b/a WORLD WRESTLING ASSOCIATION, SUPERSTARS OF WRESTLING, INC. and d/b/a W.W.A. SUPERSTARS furnishes the following list in compliance with General L.R. 83.9.

(1) The undersigned represents the plaintiff, Albert Patterson d/b/a WORLD WRESTLING ASSOCIATION, SUPERSTARS OF WRESTLING, INC. and d/b/a W.W.A. SUPERSTARS.

(2) The plaintiff (1) does not have a parent corporation and (2) is not publically held.

(3) Charles Drake Boutwell is sole counsel for the plaintiff at this time.

```
                          _____
                          Charles Drake Boutwell
```

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Il 60062
847-272-2126

1