UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,
                Plaintiff,

vs.                                  Case No. 04-C-0192

TVN ENTERTAINMENT CORPORATION,
GENERAL COMMUNICATIONS, INC.,       Magistrate Judge William E. Callahan
EBATES SHOPPING.COM, INC.,
MUSCATINE POWER & WATER (MPW)
CABLE, AMAZON.COM, INC.,
EPINIONS.COM, PPVN NETWORK
HOLDING, INC., PAY-PER-VIEW
NETWORK, INC., TNA ENTERTAINMENT,
LLC and MUZE, INC.,

                Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANT TNA ENTERTAINMENT, LLC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

## INTRODUCTION

      The present action was commenced by Albert Patterson against TNA Entertainment, LLC ("TNA") and several other corporations. TNA (which is an acronym for "Total Nonstop Action") is identified in paragraph 12 of the Complaint as doing business in Wisconsin "by promoting and/or licensing wrestling entertainment events which are broadcast in Wisconsin on television, including pay per view." TNA is not alleged to have undertaken any specific acts in Wisconsin, or any acts outside Wisconsin that caused injury to Plaintiff's person or property in Wisconsin. No other allegations are made in the Complaint regarding any contact between TNA and the State of Wisconsin. Indeed, TNA does not have the required minimum contacts with Wisconsin to warrant this Court's exercise of personal jurisdiction.

Thus, Plaintiff has not met its burden of establishing that there is a basis for this court to exercise personal jurisdiction over Defendant TNA, and TNA moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

**STATEMENT OF FACTS**[1]

TNA is a Delaware limited liability corporation with its principal places of business located in Dallas, Texas and Nashville, Tennessee. (See Affidavit of Frank Romano, paragraph 2.)

TNA is not registered or licensed to do business in the State of Wisconsin. (Id., paragraph 4.) It maintains no office or presence within the State of Wisconsin and has not made any sales within Wisconsin or to customers in the State of Wisconsin. (Id., paragraphs 5 and 9.) Further, TNA does not employ any individuals who conduct any portion of their business activities within the State of Wisconsin. (Id., paragraph 6.)

TNA does not own any real or personal property located within the State of Wisconsin. (Id., paragraph 7.) Except for one instance, unrelated to the claim made by Plaintiff in this case, it has not directed solicitations or advertising to the State of Wisconsin (Id., paragraph 8) and has not purchased any goods or services from suppliers located in the State of Wisconsin. (Id., paragraph 10.) Thus, TNA does not conduct any portion of its general business within the State of Wisconsin, either by personal presence, mail, telephone, or Internet communication.

Plaintiff alleges, in paragraph 21 of its Amended Complaint, that defendants (and there are ten of them) "adopted and commenced use of the designation 'Superstar Wrestling', 'Superstars Wrestling' and 'Superstars of Wrestling' " and "misappropriated" various other names. Exhibits A through E and K through M are alleged in paragraph 20 (and again in

---

[1] The facts stated herein are taken from the Affidavit of Frank Romano, Chief Operating Officer of TNA, which is served and filed herewith.

paragraph 32) to be plaintiff's advertising and promotional activities, with Exhibit J therein alleged to be the defendants' use of the marks.[2]

Plaintiff has not alleged that any of the advertising at issue has been created or placed by TNA specifically. While TNA's name appears on a few of the materials included in Exhibit J, (specifically on pages J-1, J-4 and J-7) it is identified as the creator of the presentation being advertised or promoted, *not* as the advertiser or promoter responsible for the creation or content of the advertising materials attached to Plaintiff's amended complaint. Moreover, none of the pages upon which TNA's name appears also contains any of the words or phrases that Plaintiff asserts are protected. As set forth in the attached Affidavit, *TNA did not create or place the advertisements attached to Plaintiff's Amended Complaint.* Indeed, the *only* advertisement TNA has ever placed in Wisconsin is one thirty second television spot in September, 2003, having nothing to do with Plaintiff's claim. (Affidavit of Frank Romano, paragraph 14.) TNA tapes wrestling programs and, pursuant to a license agreement, iN DEMAND exhibits, broadcasts, uses, markets and promotes the wrestling programs. (Id., Paragraph 13.) TNA's production of events and licensing activities all occur outside the state of Wisconsin. (Id., paragraph 11.)

Plaintiff's exhibits do not purport to be from any defendant, much less TNA, and do not purport to have been shown in, or have any connection to, the State of Wisconsin. The pages included in Exhibit J that disclose a location include J-3 that appears to come from Muscatane, Iowa; J-10 that appears to be from Brisbane, CA; pages J-52, 57 and 63 from Burbank, CA. Pages J-40-43 are from the U.S. Patent and Trademark Office web sites, and disclose that TNA Entertainment, LLC is a Delaware Limited Liability company with its principal office in Dallas, TX.

---

[2] According to paragraph 21, those same Exhibits A through E and K through M are alleged to be Defendants' advertisings. TNA believes this to be a misstatement.

**ARGUMENT**

Plaintiff's Complaint invokes the Federal Court's jurisdiction on the basis of diversity of citizenship of the parties. See Paragraphs 1 and 2 of the First Amended Complaint. Thus, the federal court sitting in Wisconsin would have personal jurisdiction if a Wisconsin state court could exercise personal jurisdiction over TNA. *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660 (7th Cir. 1986), *cert denied,* 479 U.S. 1092, 107 S. Ct. 1301, 94 L. Ed. 2d 158 (1987). In order to have personal jurisdiction over a non-resident defendant, Wisconsin law requires compliance with its long arm statute, Wis. Stat. § 801.05, as well as constitutional due process, also known as the "minimum contacts" test established by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) and its progeny. *Hy Cite Corp. v. Badbusinessbureau.com*, 297 F. Supp. 2d 1154, 1157 (E.D. Wis. 2004). The burden of proof is on the plaintiff to make a *prima facia* showing of personal jurisdiction and, in this case, Plaintiff cannot meet that burden.

**I.      There is no Personal Jurisdiction Under the Wisconsin Statute**

Typically, the analysis of whether a court has personal jurisdiction begins with an examination of the state's long arm statute to see if its requirements are met. If they are, then the applicable constitutional requirements are examined. Wisconsin allows its Courts to exercise personal jurisdiction over non-residents to the fullest extent allowed by the United States Constitution. The reach of Wisconsin's long-arm statute is intended to be co-extensive with the requirements of due process. *Stevens v. White Motor Corp.,* 77 Wis. 2d 64, 74, 252 N.W.2d 88, 93 (1977); *Lincoln v. Seawright*, 104 Wis. 2d 4, 10, 310 N.W.2d 596, 599 (1981). According to Wis. Stat § 801.04, the relevant long-arm statute is §801.05, which provides in relevant part:

> "A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to § 801.11 under any of the following circumstances:

(1) LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:

    (a) Is a natural person present within this state when served; or

    (b) Is a natural person domiciled within this state; or

    (c) Is a domestic corporation or limited liability company; or

    (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

(2) SPECIAL JURISDICTION STATUTES. In any action which may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant.

(3) LOCAL ACT OR OMISSION. In any action claiming injury to person or party within or without this state arising out of an act or omission within this state by the defendant.

(4) LOCAL INJURY; FOREIGN ACT. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

    (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

    (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

Thus, Wisconsin recognizes both general jurisdiction (subsection (1)(d)) over a nonresident defendant who conducts substantial and not isolated activities within the state, regardless of the connection between those activities and the cause of action alleged, and special jurisdiction (subsections (3) or (4)) which also require that the claim sued upon be related to the activities in the state. Neither section's requirements are met in this case.

### A.     TNA Is Not Subject to General Jurisdiction in Wisconsin.

Plaintiff's Complaint does not allege any acts by TNA in Wisconsin, much less the substantial and not isolated activities required for general jurisdiction. Five factors affect

whether a defendant's contacts with Wisconsin are "substantial and not isolated" for purposes of § 801.05(1)(d) of Wisconsin's long-arm statute:

1. The quantity of contacts;

2. The nature and quality of the contacts;

3. The source of the contacts and their connection with the cause of action;

4. The interests of the State of Wisconsin; and

5. The convenience of the parties.

*Nagel v. Crain Cutter Co.*, 50 Wis. 2d 638, 648-50; 184 N.W.2d 876 (1971); *International Communications, Inc. v. Rates Tech., Inc.*, 694 F. Supp. 1347, 1350 (E.D. Wis. 1988).

This five-factor test is the same test used by Wisconsin courts to evaluate compliance with constitutional due process, which is discussed *infra* at pages 9-12. As discussed below, the allegation that TNA is "promoting and/or licensing wrestling entertainment events which are broadcast in Wisconsin" is NOT an allegation that TNA undertook any acts within the State of Wisconsin. Even if it were, the affidavit of Frank Romano establishes that there are no such activities upon which general jurisdiction could be based. Indeed, TNA's only contact with Wisconsin was the purchase of one thirty second television spot, which was unrelated to the claims advanced in this lawsuit. It is therefore clear that TNA is not subject to general jurisdiction in Wisconsin.

      **B.**    <u>**TNA Is Not Subject to Special Jurisdiction in Wisconsin.**</u>

As no local act or omission by TNA is alleged that would implicate subpart (3) of Wisconsin's long arm statute, only subpart (4), called "local injury; foreign act," is potentially implicated in this case. This part of the statute requires that the defendant have contact with Wisconsin that constitutes either:

MKE/935011.1        6

Case 2:04-cv-00192-WEC    Filed 05/07/04    Page 6 of 13    Document 14

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis. Stat. § 801.05(4)

In the instant case, neither of these requirements is met. It is difficult for TNA to speculate about what activity the Plaintiff will suggest meets these requirements. If the first prong is suggested, and Plaintiff argues that the actions of other Defendants should be imputed to TNA on the basis that they were done on TNA's behalf, that argument should be rejected.

In *Bond v. Harrel*, 13 Wis. 2d 369, 108 N.W. 2d 552 (1961), the Court addressed personal jurisdiction under the predecessor to Wis. Stat. § 801.05(4), and held that the acts of an independent contractor (as opposed to an employee) in the forum state do not afford a basis of personal jurisdiction over the principal.[3] Here, any promotional activities of iN DEMAND, an independent contractor, done in Wisconsin pursuant to the license agreement, do not subject TNA to personal jurisdiction in Wisconsin. Those acts, upon which Plaintiff's claims may be based under § 801.05(4)(a), were not done by or on behalf of TNA within the meaning of the statute.

Neither was Plaintiff's alleged injury caused by any "products, materials or things processed, serviced or manufactured" by TNA "used or consumed" in Wisconsin. Cases in which jurisdiction was found pursuant to § 801.05(4)(b) all involve tangible things that had a relationship with the defendant and allegedly caused the injury or damage to the plaintiff. For example, in *Schmitz v. Hunter Machinery Co.*, 89 Wis. 2d 388, 279 N.W.2d 172 (1979), the defendant's crane fell onto the roof of a building in Wisconsin. Similarly, in *Kopke v. A.*

---

[3] The present action is not a breach of contract action where performance in the state through another *is* a proper basis of jurisdiction under Wis. Stat. § 801.05(5)(b).

*Hartrodt S.R.L.*, 245 Wis. 2d 396, 629 N.W.2d 662 (2001), the pallet of paper that defendant L'Arciere packed and wrapped in Italy allegedly caused Mr. Kopke's injuries in Wisconsin when he opened the container and the defective packing job caused it to fall on him.  Much of the discussion in *Kopke* addressed whether wrapping and loading the pallets constituted "processing" of the things that caused the injury within the meaning of the statute.

In the instant case, the tangible things that TNA created were tapes of the wrestling events.  Plaintiff's alleged injury arises from the advertising and promotion, which is not anything that TNA processed, serviced or manufactured.  Therefore, § 801.05(4)(b) is inapplicable.  Thus, the requirements of the long arm statute are not satisfied and the claims against TNA should be dismissed for lack of personal jurisdiction.

## II. THE EXERCISE OF PERSONAL JURISDICTION WOULD VIOLATE CONSTITUTIONAL DUE PROCESS REQUIREMENTS

Even assuming, *arguendo,* that the conditions in Wisconsin's long-arm statute could be satisfied, the exercise of personal jurisdiction over TNA would not satisfy constitutional due process requirements, which limit the reach of any state's long arm statute.  The United States Supreme Court has described the extent to which a non-resident can be required to defend in a forum state, consistent with due process, in *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  The historical principles that guided the Supreme Court in *Burger King* include: "the Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.' *International Shoe Co. v. Washington*, 326 U.S. 310 at 319.  By requiring that individuals have 'fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign,' *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S. Ct. 2569; 53 L. Ed. 2d 683 (1977) (Stevens, J., concurring in judgment), the Due Process Clause 'gives a degree

of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit,' *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)." 471 U.S. at 472 (footnote omitted).

The federal courts in Wisconsin apply a five factor test in determining whether the exercise of personal jurisdiction complies with Constitutional due process: 1) the quantity of contacts with Wisconsin; 2) the nature and quality of the contacts; 3) the source of the cause of action; 4) the interest of Wisconsin in the action; and 5) convenience. *Conway v. Leonard*, __ F. Supp. 2d __, (W.D. Wis, 2004) 2004 U.S. Dist. LEXIS 7141, decided April 22, 2004 (copy attached). *See also PKWare v. Meade*, 79 F. Supp. 2d 1007 (E.D. Wis. 2000). These five factors comport with the due process requirements of *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) and numerous other cases that describe a framework for conducting the same inquiry.

Using the guidance of *Conway* and *Burger King* to determine whether the Due Process requirements are met, TNA's motion to Dismiss should be granted. In conducting the due process analysis, the *Conway* court noted that "[e]ach defendant's contact with the forum state must be assessed individually." Slip opinion at 19, citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Plaintiff's failure to make any differentiated allegations applicable to TNA or to specify its claimed injury somewhat inhibits TNA's ability to present a comprehensive analysis. However, application of the general rules to the known facts discloses that requiring TNA to defend in Wisconsin would not satisfy due process requirements.

Analysis of the instant facts clearly shows that Plaintiffs cannot satisfy the first and second factors of the above test, relating to the quantity and quality of TNA's contacts in

Wisconsin. In order for a court to assert specific jurisdiction over a non-consenting non-resident defendant, the defendant must have purposely availed itself of doing business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462; 105 S. Ct. 2174, 2182; *Wallace v. Herrond*, 778 F.2d 391, 395 (7th Cir. 1985), *cert denied*, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed 2d 187 (1986). This requires actual contact between the Defendant and the forum state, which contact is absent here. The allegations in the amended complaint relating to Defendant TNA merely allege that it promoted and/or licensed wrestling entertainment events which are broadcast in Wisconsin and elsewhere. The amended complaint fails to allege that TNA conducted <u>any</u> activities in Wisconsin since it could (and did) organize and film the wrestling events all outside of the State of Wisconsin *and others were responsible for the advertising and broadcast of the events in Wisconsin*. Thus, the record before the Court establishes that TNA did not purposefully avail itself of the opportunity to conduct business in Wisconsin.

Plaintiffs also cannot meet the third factor of the personal jurisdiction test. TNA's purchase of one ad in a Wisconsin publication that is *unrelated* to the claims here advanced is insufficient to be purposeful availment, which requires a "substantial connection." *Hy Cite Corp v. Badbusinesscureau.com*, 297 F.Supp. 2d at 1163 (citing *Burger King Corp*, 471 U.S. 462 at 475-476).[4] "The nexus requirement gives potential defendants control over the 'jurisdictional consequences of their actions.'" *Hy Cite Corp,* 297 F. Supp. 2d at 1164 (citing *Hyatt International Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002)).

This case is analogous to *Hy Cite*, where Wisconsin residents posted complaints on Badbusinessbureau's website, which website was created and maintained by means of activities solely outside the state. The defendant company's relevant and purposeful contact with

---

[4] The question of personal jurisdiction is essentially question of law for the Court. *Housing Horizons v. Alexander Co.,* 232 Wis. 2d 178, 182; 606 N.W.2d 263, 265 (1999).

Wisconsin was ultimately recognized to be a single book sale. In the present case where Wisconsin residents may have viewed TNA created programs (which were programs that consisted of and were based on events that took place and were filmed entirely outside the state), but the only purposeful contact by TNA with Wisconsin was single placement of an ad not relevant to Plaintiff's claims here (analogous to the only book sale). There was no nexus between that book sale and the cause of action in *Hy Cite*, just as there is none between the TNA ad and the trademark infringement claims which Plaintiff raises here.

Only where purposeful availment has been established, *and* where there is a relationship between that contact with the forum state and the claims being made in the law suit, are the remaining two factors of the due process test to be examined to determine whether assertion of personal jurisdiction over defendant comports with fair play and substantial justice. *Burger King*, 105 S. Ct. at 2184 (quoting *International Shoe Co. v. Washington*, 326 U.S. at 320). Wisconsin's interest in this case, the fourth factor of the above due process test, is not substantial. Plaintiff has not alleged any particular harm to its interests in Wisconsin. In fact, Plaintiff avers that its business interests are multi-state, by alleging that that it has used the marks "in interstate commerce" (see paragraphs 15 and 16). Plaintiff does not allege "confusion" caused by the Defendant's alleged acts to have specifically occurred with Wisconsin consumers.

Finally, analysis of the last factor of the due process test, the question of convenience, also supports a finding that this court does not have personal jurisdiction over TNA. Plaintiff, (if it finds any facts that suggest TNA has done anything wrong) can sue in Texas or Delaware. This is not a case, like *Kopke*, where suit would need to be brought in a foreign country if Wisconsin were not an available forum. The mere fact that the Plaintiff is a resident of the state

is not compelling. *L.B. Sales Corp. v. Dial Manufacturing*, 593 F. Supp. 290, 294-295 (E.D. Wis. 1984).

In summary, the minimal contact between TNA and Wisconsin does not afford the state courts of Wisconsin personal jurisdiction over this Defendant. Because the federal court has no greater power in this diversity case, constitutional due process protections warrant granting TNA's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, TNA Entertainment respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: May 7, 2004

Respectfully submitted,

By:   s/ Andrew A. Jones
    Daryl L. Diesing, State Bar No. 1005793
    Andrew A. Jones, State Bar No. 1023074
    WHYTE HIRSCHBOECK DUDEK S.C.
    555 East Wells Street
    Suite 1900
    Milwaukee, WI 53202
    Telephone: 414-273-2100
    Facsimile: 414-223-5000
    E-mail: ddiesing@whdlaw.com
           ajones@whdlaw.com

    Douglas A. Donnell (P33187)
    Jennifer A. Puplava (P58949)
    MIKA MEYERS BECKETT & JONES, PLC
    900 Monroe Avenue, N.W.
    Grand Rapids, MI 49503
    Telephone: 616-632-8000
    Facsimile: 616-632-8002
    E-mail: ddonnell@mmbjlaw.com
           jpuplava@mmbjlaw.com

    Attorneys for Defendant TNA Entertainment, LLC