ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,
                              Plaintiff,

vs.                                          Case No. 04-C-0192

TVN ENTERTAINMENT CORPORATION,
GENERAL COMMUNICATIONS, INC.,          Magistrate Judge William E. Callahan
EBATES SHOPPING.COM, INC.,
MUSCATINE POWER & WATER (MPW)
CABLE, AMAZON.COM, INC.,
EPINIONS.COM, PPVN NETWORK
HOLDING, INC., PAY-PER-VIEW
NETWORK, INC., TNA ENTERTAINMENT,
LLC and MUZE, INC.,

                              Defendants.

---

### AFFIDAVIT OF FRANK ROMANO

---

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

Frank Romano, being duly sworn, deposes and says:

1.      I am the Chief Operating Officer of TNA Entertainment, LLC (hereinafter, "TNA"), and I make this affidavit of my own personal knowledge.

2.      TNA is a Delaware limited liability corporation with its principal places of business in Dallas, Texas and Nashville, Tennessee.

3.      TNA produces wrestling entertainment events.

4.      TNA is not registered or licensed to do business in Wisconsin and has never done business in Wisconsin.

5.      TNA has no offices in Wisconsin.

6.      TNA does not employ any individuals who conduct any portion of their business activities within the State of Wisconsin.

7.      TNA does not own any real or personal property located within the State of Wisconsin.

8.      Except as stated in paragraph 14 below, TNA does not direct solicitations or advertising into Wisconsin.

9.      TNA has made no sales within or to customers in the state of Wisconsin.

10.     TNA has not purchased any goods or services from suppliers located in Wisconsin.

11.     All of TNA's activities relating to production of wrestling entertainment and licensing activities take place outside Wisconsin.

12.     iN DEMAND L.L.C. promotes TNA's wrestling entertainment events pursuant to a license agreement.

13.     Pursuant to that license agreement, iN DEMAND exhibits, telecasts, uses, markets and promotes the wrestling programs.  TNA does not direct or control iN DEMAND's marketing and promotional activities and iN DEMAND acts independently in those efforts.

14.    TNA's only contact with Wisconsin was the purchase of one 30-second advertisement in September 2003, and such advertisement is unrelated to the claims in this lawsuit.

15.    None of the materials supplied by TNA for use by iN DEMAND in connection with its promotion of wrestling entertainment contains the designations "Superstar Wrestling", "Superstars Wrestling", or "Superstars of Wrestling", or any of the other designations Plaintiff claims as his trademarks.

16.    TNA did not direct iN DEMAND or any other entity to promote its wrestling entertainment using the alleged trademarks at issue in this litigation.

17.    TNA did not consent to the use of the alleged trademarks at issue in this litigation in connection with the promotion of the wrestling entertainment.

FURTHER AFFIANT SAYETH NOT.


                                        s/Frank Romano
                                        Frank Romano

Subscribed and sworn to before me
this 6th day of May, 2004.


s/Marilyn Klein

Notary Public State of New York
My Commission Expires: June 30, 2006