UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,
               Plaintiff,
vs.                                         Case No. 04-C-0192

TVN ENTERTAINMENT CORPORATION,
GENERAL COMMUNICATIONS, INC.,        Magistrate Judge William E. Callahan
EBATES SHOPPING.COM, INC.,
MUSCATINE POWER & WATER (MPW)
CABLE, AMAZON.COM, INC.,
EPINIONS.COM, PPVN NETWORK
HOLDING, INC., PAY-PER-VIEW
NETWORK, INC., TNA ENTERTAINMENT,
LLC and MUZE, INC.,

               Defendants.

**DEFENDANT TNA ENTERTAINMENT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LIMITED DISCOVERY**

The undersigned, counsel of record for Defendant TNA Entertainment, LLC ("TNA"), submits this brief in opposition to Plaintiff's Motion for Limited Discovery.

**INTRODUCTION AND BACKGROUND**

In lieu of responding to TNA's Motion to Dismiss for Lack of Personal Jurisdiction with any facts or legal arguments that suggest that TNA has the required minimum contacts with Wisconsin, Plaintiff recently filed a Motion for Limited Discovery (hereinafter, Plaintiff's "Discovery Motion"). The Discovery Motion says it seeks early discovery limited to information relevant to the jurisdictional question, but the scope of what is requested reveals that

it is both a fishing expedition and a backdoor way for Plaintiff to get confidential information to gain a competitive advantage. Thus, the Motion should be denied.

Plaintiff's Complaint alleges use by ten Defendants of certain trademarks and service marks. Defendant TNA produces wrestling entertainment events. TNA has sought dismissal for lack of personal jurisdiction because it is not registered or licensed to do business in Wisconsin and has never done business in Wisconsin, has no offices in Wisconsin, does not employ any individuals who conduct any portion of their business activities within the State of Wisconsin, does not own any real or personal property located within the State of Wisconsin, has made no sales within or to customers in the state of Wisconsin has not purchased any goods or services from suppliers located in Wisconsin and all of TNA's activities relating to production of wrestling entertainment and licensing activities take place outside Wisconsin.

TNA's only contact with the State of Wisconsin is a very limited amount of advertising in national publications and on websites that are available to people in Wisconsin -- and no advertisement placed by TNA has contained any of the allegedly trademarked words or phrases upon which Plaintiff's claim is based.

There is no doubt that other Defendants are subject to personal jurisdiction in Wisconsin and that TNA does business with companies that also do business in Wisconsin. However, each Defendant's ties with the forum state must be independently assessed. Consequently, the only relevant inquiry at this stage of the proceedings is whether TNA does business in Wisconsin that is either sufficiently "substantial and not isolated" to subject it to the general jurisdiction of the Courts or, if insubstantial and isolated, is nonetheless sufficient to constitute the "minimum contacts" necessary to make the exercise of personal jurisdiction constitutional. And it is Plaintiff's obligation to make a prima facia showing of the Court's jurisdiction. By filing the

Motion for Limited Discovery, rather than supply any facts showing contacts between TNA and Wisconsin, Plaintiff virtually concedes it cannot meet that burden.

**ARGUMENT**

Generally, the Federal Rules of Civil Procedure do not allow discovery until the parties have conferred pursuant to Fed. R. Civ P. 26(f). Fed. R. Civ. P. 26(d). An investigation sufficient to support jurisdiction should have been undertaken before suit was filed as part of Plaintiff's obligations under Fed. R. Civ P. 11. Some acts sufficient to constitute "minimum contacts" under some case authority Plaintiff can cite, should be required before even limited discovery would be allowed. In any event, an order permitting extensive discovery at this time, where personal jurisdiction is doubtful, should be avoided because this Court may not ultimately have authority to direct any further proceeding, and it would be unfair to allow examination on the issues involved in the merits of the case at this time. *Cannon v United Insurance Company of America*, 352 F. Supp. 1212, 1215 (D. S.C. 1973); *River Plate Corporation v. Forestal Land, Timber and Railway Co., Ltd.*, 185 F. Supp 832, 836 (S.D.N.Y. 1960).

If the Court chooses to let Plaintiff conduct limited discovery directed at the facts relevant to personal jurisdiction notwithstanding these rules, the wholesale fishing expedition it seeks should not be allowed. Plaintiff's characterization of its request as narrow is misleading. In its Discovery Motion, Plaintiff specifically requests all of the following:

1. That Plaintiff be allowed to take the deposition of Frank Romano;

2. That Plaintiff be allowed to conduct discovery "regarding the licensing agreements TNA has entered into relating to wrestling entertainment", including TNA's agreements with iN DEMAND;

3. That Plaintiff be allowed to depose of **any other individual identified by TNA with knowledge of the business of TNA**;

4. That Plaintiff be allowed to request production of contracts or agreements with Jeff Jarrett and/or entities in which Jarrett has an ownership interest of at least 50%; and

3

5. That Plaintiff be allowed to request the identification and deposition of any other individuals with knowledge relating to the business TNA conducts in Wisconsin.

This request is patently overbroad and should be limited in at least the respects described in the discussion that follows.

I. **The Deposition of Frank Romano Must Take Place in New York.**

If the Court allows Plaintiff to depose Frank Romano, TNA's Chief Operating Officer, that deposition must be limited to questions regarding actions taken by TNA in Wisconsin or which are directed toward that State. It must not be allowed to include actions of other companies or individuals, not employed by TNA so that it is actually limited to facts relating to whether this Court has jurisdiction over TNA.

Moreover, Plaintiff did not include a proposed Notice of Mr. Romano's deposition with its Motion. Thus, it is also important that the Court's order allowing the deposition specify that Mr. Romano's deposition will be taken in New York. The proper place for taking the deposition of the officers or employees of a corporate defendant is the location of that defendant's corporate offices, or where said officers reside. *Zuckert v. Berkliff Corporation*, 96 F.R.D. 161, 162 (N.D. Ill. 1982) (noting that one reason for this rule is to avoid forcing defendant corporations to transport business records); *Continental-Federal Savings and Loan Association v. Delta Corporation of America*, 71 F.R.D. 697, 699 (W.D. Okla. 1976); *Philadelphia Indemnity Insurance Company v Federal Insurance Company*, 215 F.R.D. 492, 495 (E.D. Pa. 2003); 4 Moore's Federal Practice § 26.70(1-3), at 26-514. Mr. Romano's office is in New York. Documents relative to TNA's business are also located in New York. Therefore, and particularly because the Court's jurisdiction is disputed and uncertain, TNA and Mr. Romano should be accommodated and the deposition taken in his New York office.

4

Additionally, TNA objects to the suggestions of a telephonic deposition of Mr. Romano, as proposed in Plaintiff's Motion. It is inevitable that Mr. Romano's deposition will involve written exhibits, most of which are already located in New York. The clarity of the record and the certainty that all participants in the deposition are looking at the same document when questions are being asked and answered makes a telephonic deposition logistically impracticable.

## II.     Production of TNA's Business Information Should Be Limited.

### A.     The iN DEMAND License Agreement Contains Confidential and Trade Secret Information and Should Not Be Disclosed to Plaintiff.

The license agreement Plaintiff seeks contains sensitive and confidential commercial information regarding TNA's business, including TNA's marketing arrangements and strategy. Plaintiff is in direct competition with TNA, and should not be allowed to review any of Plaintiff's trade secrets or confidential documents during this early stage of litigation. If TNA's Motion to Dismiss for Lack of Personal Jurisdiction is successful, this case will be dismissed and having forced it to disclose confidential business information to Plaintiff would be unjust to TNA. Moreover, the license agreement contains a confidentiality provision requiring TNA to keep its contents confidential.

TNA suggests that the Court could conduct an in camera review of the agreement to satisfy itself that the contract does not disclose contacts between TNA and Wisconsin that could serve as the basis of personal jurisdiction here. If the Court's schedule does not allow that inspection, an order that compels TNA to produce the relevant iN DEMAND license agreement should be limited to production to Plaintiff's counsel, to allow counsel to analyze whether any of its terms would give the Court has personal jurisdiction over TNA, and prohibit counsel from sharing any of the contents of that agreement to Plaintiff without further order of the Court, after notice and an opportunity for a hearing.

5

The issue of personal jurisdiction is purely a legal argument, and Plaintiff's response to TNA's Motion to Dismiss for Lack of Personal Jurisdiction will not be prejudiced if Plaintiff himself is restricted from reviewing this document. Plaintiff's attorneys review of the document in their evaluation of the jurisdictional issue would be enough. Conversely, as described previously, TNA will be seriously harmed if Plaintiff, its direct competitor, is allowed to review the license agreement.

To assist the Court if this second option is chosen, TNA suggests that the Court, include the following language in its order:

> "Any and all iN DEMAND license agreement(s), including any iN DEMAND license agreement, produced by TNA pursuant to this Order shall be shown only to the attorneys of parties involved in this litigation. Such agreement(s) shall not be disclosed to TNA's competitors, including Plaintiff, or to any third parties, including experts retained by a party of attorney for a party. If it becomes necessary to file such license agreement(s) with the court, such agreement(s) shall be filed under seal."

**B.    Document Requests and Depositions Should Be Limited to Matters Relevant to The Issue of Personal Jurisdiction.**

In addition to the iN DEMAND license agreement, Plaintiff requests that this Court allow discovery regarding any "licensing agreements TNA has entered into relating to wrestling entertainment" and to depose "any other individual identified by TNA with knowledge of the business of TNA". TNA objects to Plaintiff's suggestion that the Court's order should allow such a fishing expedition under the guise of a limited discovery request. As acknowledged by Plaintiff in its Motion, discovery at this time should be limited to facts relative to this Court's personal jurisdiction over TNA. Therefore, a request for agreements "relating to wrestling entertainment" or depositions of individuals with "knowledge of TNA's business" are manifestly overbroad, unduly burdensome, and not relevant to the limited purpose of evaluating the Court's

personal jurisdiction over TNA. Therefore, TNA respectfully requests that the court, if it allows any early discovery at all, limit that discovery to TNA's alleged contacts with Wisconsin.

**III.    Contracts or Agreements with Jeff Jarrett Are Not Relevant to This Court's Jurisdiction Over TNA.**

Finally, Plaintiff requests that the court enter an order allowing the production of all TNA's contracts or agreements with Jeff Jarrett or his related entities, and also allowing the deposition of Jeff Jarrett. In its Discovery Motion, Plaintiff states: "On information and belief, Jeff Jarrett is a key promoter and organizer of wrestling entertainment by TNA and documents relating to Mr. Jarrett's promotion of wrestling entertainment may lead to evidence relating to the jurisdiction issues raised by TNA." (Plaintiff's Discovery Motion, pp. 3-4).

TNA objects to Plaintiff's requests for an order allowing broad discovery of contracts or agreements with Jeff Jarrett, as such a discovery request seeks information having nothing to do with this Court's personal jurisdiction over TNA. Therefore, such a discovery request would be overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As stated previously, TNA will agree to submit to discovery of facts relevant to the issue of personal jurisdiction, and asks that this Court enter an order limiting discovery at this time to facts relating to jurisdiction.

TNA also objects to Plaintiff's requests for the deposition of Jeff Jarrett. Mr. Jarrett is not an employee of TNA and, as briefed previously, the acts of independent contractors with whom a party does business are not imputed to the party for purposes of establishing personal jurisdiction. *Bond v. Harrel*, 13 Wis. 2d 369; 108 N.W. 2d 552 (1961). Moreover, Plaintiff has not alleged that Mr. Jarrett has knowledge regarding facts relating to personal jurisdiction, but rather, states that his deposition "may lead to evidence relating to jurisdiction," "on information and belief." These vague assertions presage a fishing expedition of the widest possible

7

magnitude.  Moreover, for the same reasons explained *supra* at pp. 4-5, TNA requests that, if allowed, any deposition of Mr. Jarrett be taken in Tennessee, his state of residence.  Furthermore, TNA requests that any examination of Mr. Jarrett at this time be limited to facts relating to personal jurisdiction.

## CONCLUSION

For the above-stated reasons, TNA Entertainment, LLC opposes Plaintiff's Motion for Limited Discovery.  The case should be dismissed for lack of personal jurisdiction on the basis of the undisputed facts already established.  However, if this Court chooses to allow limited discovery during this early stage of litigation, TNA respectfully requests that this Court include in such order:  (1) a statement limiting discovery to facts relevant to this Court's personal jurisdiction over TNA; (2) the following statement restricting disclosure of the iN DEMAND license agreement:

> "Any and all iN DEMAND license agreement(s), including any iN DEMAND license agreement,  produced by TNA pursuant to this Order shall be shown only to the attorneys of parties involved in this litigation.  Such agreement(s) shall not be disclosed to TNA's competitors, including Plaintiff, or to third parties.  If it becomes necessary to file such license agreement(s) with the court, such agreement(s) shall be filed under seal;"

and (3) a statement that the depositions of Mr. Romano and/or Mr. Jarrett must be taken in person and at their respective places of business.

Dated:  June 22, 2004                           Respectfully submitted,


                                                By:   s/ Andrew A. Jones
                                                    Daryl L. Diesing
                                                    Andrew A. Jones
                                                    WHYTE HIRSCHBOECK DUDEK S.C.
                                                    555 East Wells Street
                                                    Suite 1900
                                                    Milwaukee, WI  53202
                                                    Telephone:  414-273-2100
                                                    Facsimile:  414-223-5000
                                                    E-mail:     ddiesing@whdlaw.com
                                                                ajones@whdlaw.com

                                                    Douglas A. Donnell
                                                    Jennifer A. Puplava
                                                    MIKA MEYERS BECKETT & JONES, PLC
                                                    900 Monroe Avenue, N.W.
                                                    Grand Rapids, MI 49503
                                                    Telephone:  616-632-8000
                                                    Facsimile:  616-632-8002
                                                    E-mail:     ddonnell@mmbjlaw.com
                                                                jpuplava@mmbjlaw.com

                                                    Attorneys for Defendant TNA Entertainment, LLC


G:\CLN\TNA Entertainment\TNA Response to Discovery Motion.doc