UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,
                Plaintiff,
vs.

Case No. 04-CV-192

TVN ENTERTAINMENT CORPORATION,
GENERAL COMMUNICATIONS, INC.,
EBATES SHOPPING.COM, INC.,
MUSCATINE POWER & WATER (MPW)
CABLE, AMAZON.COM, INC.,
EPINIONS.COM, PPVN NETWORK
HOLDING, INC., PAY-PER-VIEW
NETWORK, INC., TNA ENTERTAINMENT,
L.L.C. and MUZE, INC.,

Magistrate Judge William E. Callahan

                Defendants.

---

## AFFIDAVIT OF FRANK ROMANO

---

STATE OF NEW YORK   )
                            ) ss.
COUNTY OF NEW YORK  )

Frank Romano, being duly sworn, deposes and says:

1.    I am the Chief Operating Officer of TNA Entertainment, L.L.C. ("TNA"). When I testified at page 52 of my deposition that "I am not considered an officer of the company," I did not mean that I was not the Chief Operating Officer, but rather that I was not a corporate officer elected by the Board of Directors in the sense that the President or Treasurer of the company is an officer. I am the head of TNA's operations.

2.    TNA does not and has never controlled or influenced decisions by iN DEMAND regarding what cable companies iN DEMAND would contract with, what the terms of those

contracts would be, or what programming would be offered to those cable companies from iN DEMAND. iN DEMAND has made these arrangements without involvement by TNA.

3. The programming sold to cable systems by iN DEMAND, pursuant to its contracts with those cable systems, includes many Pay-Per-View programs totally unrelated to the TNA wrestling program. Thus, iN DEMAND's contracts with various cable systems cover programs supplied by iN DEMAND from many program suppliers, only one of which is TNA.

4. TNA does not control where iN DEMAND places its advertising. Under paragraph 5(b) of Exhibit A to the Licensing Agreement, iN DEMAND reserved the right to create and use its own advertising with respect to the TNA wrestling program and is responsible for the content of that advertising. Moreover, promotional advertising supplied by iN DEMAND is placed on its website, and access to that advertising is provided to the cable systems who have contracts with iN DEMAND, who in turn can modify the promotional advertising before using it on their cable system.

5. iN DEMAND does not negotiate contracts on behalf of TNA with cable systems.

FURTHER AFFIANT SAYETH NOT.

_____
Frank Romano

Subscribed and sworn to before me
this __5__ day of November, 2004.

_____
Notary Public State of New York
My Commission Expires: _10-26-05_



G:\CLN\TNA Entertainment\Romano Affidavit 3.doc

FLORALBA ARANGO
Notary Public, State of New York
No. 01AR4910016
Qualified in Queens County
Cert. Filed in New York County
Commission Expires Oct. 26, 2005

# EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT

 2           FOR THE EASTERN DISTRICT OF WISCONSIN

 3

 4   ALBERT PATTERSON d/b/a
     WORLD WRESTLING ASSOCIATION,
 5   SUPERSTARS OF WRESTLING, INC.
     and d/b/a W.W.A. SUPERSTARS,
 6
                       Plaintiff,
 7
     -vs-                              Case No. 04 C 0192
 8
     TVN ENTERTAINMENT CORPORATION,
 9   GENERAL COMMUNICATIONS, INC.,
     EBATES SHOPPING.COM, INC.,
10   MUSCATINE POWER & WATER (MPW)
     CABLE, AMAZON.COM, INC.,
11   EPINIONS.COM, PPVN NETWORK
     HOLDING, INC., PAY-PER-VIEW NETWORK,
12   INC., TNA ENTERTAINMENT, L.L.C. and
     MUZE, INC.
13
                       Defendants.
14   _____/

15

16

17       Deposition of Frank Romano, taken under the

18       provisions of the United States District Court Rules

19       before Lauret J. Henry, (CSR-6469) Certified Shorthand

20       Reporter and Notary Public Acting in Allegan County,

21       Michigan at Mika, Meyers, Beckett & Jones, 900 Monroe

22       Avenue, N.W., Grand Rapids, Michigan on Wednesday,

23       September 15, 2004, commencing at 9:05 a.m., pursuant

24       to Notice.

25
```

(COPY)

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 4 of 17   Document 48

**Frank Romano**
**Albert Patterson, et al vs.**
9/15/2004
TVN Entertainment Corporation, et al

Page 29

```
 1    Q    Are you involved with the trademark, registering
 2         the trademarks?
 3    A    Which trademarks?
 4    Q    Owned by TNA.
 5    A    I have not personally done that, been involved in
 6         in that.
 7    Q    Do you know which trademarks it owns?
 8    A    I believe TNA.  I don't know of the others that
 9         we might own.
10    Q    Did you play any role with the licensing of the
11         TNA trademark?
12    A    No.
13              (Exhibit 3 was marked for
14                  identification.)
15    Q    We marked group Exhibit 3.  Looking at the first
16         page, I see Total Nonstop Action Wrestling.  Is
17         that the trademark of TNA?
18    A    TNA, yeah.  Yes.
19    Q    And you understand that's a registered trademark?
20    A    My understanding is I believe it to be.
21    Q    Then do you know who placed this ad?
22    A    No, I do not.
23    Q    Does TNA have responsibility to actually place
24         the ad in the cable T.V. guides?
25    A    When you say "responsibility," what do you mean?
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044   (888) FAX-6776  glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 5 of 17   Document 48

```
 1            copies from?
 2     Q      Well --.
 3     A      You'd have to go to the source.
 4                  MR. DONNELL:  You can see it right here.
 5     A      Yeah, did you pull this off of the In Demand
 6            website?
 7     Q      Yeah.
 8     A      You'd have to go to In Demand and find out.  I
 9            don't control -- TNA doesn't control what goes on
10            the In Demand website.  I didn't even see that.
11     Q      Now, the last page of Exhibit 3 headed up TVN
12            Entertainment Corporation, what relationship does
13            TNA have with TVN, if any?
14     A      As of now?
15     Q      Yes.
16     A      We don't.
17     Q      How about in 2003?
18     A      Didn't.
19     Q      At any time while you have been with TNA has it
20            had a relationship with TVN?
21     A      When you say "relationship," you mean like a
22            contractual relationship?
23     Q      Any type.
24     A      None.
25     Q      There have been no contracts with TVN?
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 6 of 17   Document 48

Frank Romano  
Albert Patterson, et al vs.  
9/15/2004  
TVN Entertainment Corporation, et al

Page 50

1   A   Earlier, yes.

2   Q   Looking back to the license agreement which is

3       Exhibit 2, I see a bunch of paragraphs that have

4       been crossed out. Did you play any role in the

5       crossing out and doing that?

6   A   No, I did not.

7   Q   Do you know who did?

8           MR. DONNELL: I do. It was Steve.

9           MR. BOUTWELL: All right.

10  Q   I'd like to go back to Exhibit 3. Looking at

11      Page 1, did TNA authorize In Demand to place the

12      ad using the words "Featuring superstars from the

13      National Wrestling Alliance"? Did it authorize

14      that?

15  A   On Page 1?

16  Q   Yes.

17  A   To the best of my knowledge, no.

18  Q   Did TNA review the advertising content of this ad

19      before it ran?

20  A   To best of my knowledge, no.

21  Q   Who would have reviewed the advertising content

22      if TNA hadn't reviewed it?

23  A   Legal.

24  Q   Who is legal?

25  A   Panda.

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 7 of 17   Document 48

Frank Romano  9/15/2004
Albert Patterson, et al vs.  TVN Entertainment Corporation, et al

Page 51

| | | |
|---|---|---|
| 1 | Q | And does Panda have a legal department that looks |
| 2 | | at this stuff to your knowledge? |
| 3 | | MR. DONNELL:  Well, two questions.  Do |
| 4 | | they have a legal department and do you know if |
| 5 | | they look at this.  As to the first part I have |
| 6 | | no objection.  The second part I have objections |
| 7 | | to lack of foundation. |
| 8 | Q | Do they have a legal department? |
| 9 | A | Panda Energy has a legal department. |
| 10 | Q | Do you know who conducts the review of the |
| 11 | | advertisements for TNA? |
| 12 | | MR. DONNELL:  Objection, assumes facts |
| 13 | | not in evidence. |
| 14 | | MR. BOUTWELL:  I just ask does he |
| 15 | | know. |
| 16 | Q | Do you know if anyone conducts a review on behalf |
| 17 | | of Panda of the advertisements? |
| 18 | A | I have to check my notes and see. |
| 19 | Q | Right now you don't know? |
| 20 | A | I don't know. |
| 21 | Q | Looking at Page 2, looking at the words |
| 22 | | "Featuring world wrestling superstars," the third |
| 23 | | and fourth lines down on the synopsis, do you see |
| 24 | | that? |
| 25 | A | Yes. |

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 8 of 17   Document 48

```
 1    Q    Did TNA authorize anyone by any agreement to use
 2         those words to present its programming?
 3    A    To the best of my knowledge, no.
 4    Q    Who would have authorized the use of this
 5         language on behalf of TNA other than you?
 6    A    To the best of my knowledge I don't know.
 7    Q    Would anyone else have had authority to use this
 8         language, and I'm talking about anyone else at
 9         TNA?
10    A    I'd have to go ask.
11    Q    The president would have had authority, correct?
12    A    That's the president.
13    Q    Would anybody at Panda have authority to do that?
14              MR. DONNELL:  Object to lack of
15         foundation.
16    Q    If you know.
17    A    I don't know.
18    Q    Does TNA -- who are the officers of TNA?
19    A    I don't know who the officers of TNA are.
20    Q    Other than yourself.
21    A    I don't know who they are to be honest with you.
22    Q    I'm talking TNA.  You're an officer?
23    A    My title says it, but I'm not considered an
24         officer of the company.
25    Q    You gave us the president's name, correct?
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776  glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 9 of 17   Document 48

Frank Romano  
Albert Patterson, et al vs.  
9/15/2004  
TVN Entertainment Corporation, et al

Page 53

| | | |
|---|---|---|
| 1 | A | Correct. |
| 2 | Q | Do you know any other officers of TNA? |
| 3 | A | That would be it. |
| 4 | Q | Do you know if there are any agreements |
| 5 | | authorizing the employees of Panda to act on |
| 6 | | behalf of TNA? |
| 7 | A | Not that I know of. |
| 8 | Q | As far as the exhibits, on Exhibit 3, I'm talking |
| 9 | | about the pages dealing with June 4, June 11, |
| 10 | | June 18, June 25 of 2003, they all use the words |
| 11 | | "Featuring world wrestling superstars." For all |
| 12 | | of these ads, did TNA authorize anyone to use |
| 13 | | those words in connection with the telecast? |
| 14 | A | As stated before, I don't believe so. |
| 15 | Q | And that's to the best of your knowledge, correct? |
| 16 | A | That is correct. |
| 17 | Q | But you don't have the total knowledge with |
| 18 | | respect to TNA, correct? |
| 19 | A | In terms of? |
| 20 | Q | The possible authority to authorize this ad? |
| 21 | A | In that regard, no, I don't. |
| 22 | Q | You don't know who else would have that authority |
| 23 | | apart from the president? |
| 24 | A | Correct. |
| 25 | Q | Backing up, just looking at Page 1 here where it |

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 10 of 17   Document 48

```
 1    Q    So PB&J was not used to design this, is that
 2         correct?
 3    A    Correct.
 4    Q    To all four questions?  I may have asked this.
 5         Did TWA have any connection to TNA?
 6    A    TWA?  I'm thinking Trans World Airlines.
 7    Q    TVN.  Does TNA have any connection?
 8    A    No.  I stated earlier, no.
 9              MR. PATTERSON:  Did In Demand place
10         these ads?
11    Q    Do you know who placed the ads in Exhibit 3 on
12         Page 1?
13    A    I'm assuming this is coming from the cable
14         company.  This is a page out of the cable guide.
15              MR. DONNELL:  Talking about Page 1?
16    A    This page, right?
17    Q    Yes.
18    A    You'd have to ask the cable company.  It's their
19         publication.
20    Q    How about on Pages 2, 3, 4, 5?
21    A    We did not place these ads.
22              MR. PATTERSON:  The bottom tells you
23         who placed the ads?
24    A    I'm sorry, that's what I said earlier.
25              MR. PATTERSON:  That was the confusing
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 11 of 17   Document 48

Frank Romano
Albert Patterson, et al vs.
9/15/2004
TVN Entertainment Corporation, et al

Page 63

```
1    Q    They just prepare write-ups?
2    A    Yes.
3    Q    Did Trifecta prepare the write-up on Page 2, 3,
4         4, and 5 of Exhibit 3, if you know?
5    A    Not to the best of my knowledge, no.
6    Q    Do you know one way or the other?
7    A    Excuse me?
8    Q    Do you know way one or the other?
9    A    To the best of my knowledge, no.
10   Q    Do you have knowledge one way or the other?
11   A    That they wrote this?
12   Q    Yes.
13   A    I would say no, they didn't write that to the
14        best of my knowledge.
15   Q    So you know that they did not write?
16   A    From my understanding, correct.
17   Q    Again, where do you get your understanding from?
18   A    Based on information that was supplied to In
19        Demand.
20   Q    And what information was supplied to In Demand?
21   A    Descriptions of the show.
22   Q    And did you review those descriptions for the
23        show?
24   A    Did I review them personally?
25   Q    Yes.
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 12 of 17   Document 48

Frank Romano
Albert Patterson, et al vs.
9/15/2004
TVN Entertainment Corporation, et al

Page 64

| | | |
|---|---|---|
| 1 | A | No. You mean before they were sent? |
| 2 | Q | Yes, before they were sent. |
| 3 | A | No, I reviewed them after we saw this. |
| 4 | Q | So at some point in time you have reviewed the |
| 5 | | descriptions prepared by Trifecta, correct? |
| 6 | A | Correct. |
| 7 | Q | And do those descriptions use the words World |
| 8 | | Wrestling Superstars? |
| 9 | A | No. |
| 10 | Q | Do you have copies of those descriptions? |
| 11 | A | Not on me. |
| 12 | | MR. BOUTWELL: Okay. I would ask could |
| 13 | | you send me copies of those descriptions if |
| 14 | | that's possible? |
| 15 | | MR. DONNELL: You wouldn't mind at |
| 16 | | least putting the request in writing so we have a |
| 17 | | clear record? |
| 18 | Q | How voluminous are these descriptions? Is it a |
| 19 | | one pager? |
| 20 | A | It's probably about a few pages. |
| 21 | | MR. BOUTWELL: I'll put a request in |
| 22 | | writing for that. That's a pretty important |
| 23 | | question involving the responsibility of TNA. |
| 24 | Q | Now, what happens once the synopsis is prepared? |
| 25 | | Who does TNA give it to? |

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501
(800) 234-2044 (888) FAX-6776 glsusa@aol.com www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 13 of 17   Document 48

Frank Romano  
Albert Patterson, et al vs.  
9/15/2004  
TVN Entertainment Corporation, et al

Page 65

```
1    A    In Demand.
2    Q    And does In Demand carry the ball from there?
3    A    Yes.
4    Q    How many synopses are prepared?  Is it a weekly
5         synopsis?
6    A    In this case it's the same synopsis because it's
7         --.
8    Q    On Exhibit 3, but I'm talking about the synopsis
9         coming out of Nashville?
10   A    It was pretty much the same synopsis each month
11        for almost two years.
12   Q    It was a different --?
13   A    It just changed in case there was a new
14        wrestler.  That's it.
15             MR. BOUTWELL:  Thank you very much.
16             MR. DONNELL:  I just have a couple
17        follow-up questions.
18                       EXAMINATION
19   BY MR. DONNELL:
20   Q    Going to the points we were just talking about
21        with respect to Exhibit 3, am I correct, did I
22        understand your testimony correctly that you have
23        looked at the information that was supplied to In
24        Demand with respect to the events that are
25        advertised in Exhibit 3?
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044  (888) FAX-6776  glsusa@aol.com  www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 14 of 17   Document 48

**Frank Romano**  
**Albert Patterson, et al vs.**  
9/15/2004  
TVN Entertainment Corporation, et al

Page 66

| | | |
|---|---|---|
| 1 | A | Correct. |
| 2 | Q | And did the information that was supplied to In |
| 3 | | Demand use any of the words that Mr. Boutwell |
| 4 | | highlighted on these documents? |
| 5 | A | No, it did not. |
| 6 | Q | Those choices were made by In Demand? |
| 7 | A | Yes. |
| 8 | Q | And were not supplied by TNA? |
| 9 | A | To the best of my knowledge, no. |
| 10 | Q | Or supplied by Trifecta? |
| 11 | A | Best of my knowledge no. |
| 12 | | MR. BOUTWELL: Just to clarify, you |
| 13 | | refer to the words. Let's just make sure we're |
| 14 | | talking about the words Wrestling Superstars. |
| 15 | | MR. DONNELL: I'll clarify. |
| 16 | Q | In Pages 2, 3, 4, and 5 of Exhibit 3, the phrase |
| 17 | | World Wrestling Superstars, first letter capped, |
| 18 | | appears on each of those pages, is that correct? |
| 19 | A | In here it appears. |
| 20 | Q | In Pages 2, 3, 4, and 5 of Exhibit 3? |
| 21 | A | Yes. |
| 22 | Q | Are those words words that were supplied by TNA |
| 23 | | or Trifecta to In Demand? |
| 24 | A | No. To the best of my knowledge. |
| 25 | Q | Have you reviewed the information that was |

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776   glsusa@aol.com   www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 15 of 17   Document 48

Frank Romano  
Albert Patterson, et al vs.  
9/15/2004  
TVN Entertainment Corporation, et al

Page 67

```
 1            provided?
 2    A       Yes, I have.
 3    Q       Did it contain those words?
 4    A       No, it did not.
 5    Q       So those are words that In Demand came up with?
 6    A       Yes.
 7    Q       With respect to Exhibit 4, the web advertisement
 8            for Fox Sports Net, correct?
 9    A       Correct.
10    Q       This is essentially a banner that would appear on
11            the Fox Sports Net website, correct?
12    A       Either on Fox Sports Net or the other websites
13            that I stated in my supplemental Affidavit.
14    Q       Is this banner advertisement in any way directed
15            to Wisconsin as opposed to anyplace else on the
16            planet that has internet access?
17    A       It's a global ad.  Whoever has internet access
18            can get this.
19    Q       With respect to your Affidavit --
20    A       Also it doesn't use any of the phrases mentioned.
21    Q       With respect to the supplemental Affidavit,
22            Paragraph 4 that Mr. Boutwell asked you some
23            questions about, what are the documents that
24            you're referring to here that might relate to
25            where TNA does business?
```

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044   (888) FAX-6776  glsusa@aol.com  www.glsusa.net

Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 16 of 17   Document 48

Frank Romano  
Albert Patterson, et al vs.  
9/15/2004  
TVN Entertainment Corporation, et al

Page 68

| | | |
|---|---|---|
| 1 | A | Just contract documents. |
| 2 | Q | Did you review the contract documents to |
| 3 | | determine if TNA was doing business either in |
| 4 | | Wisconsin or with companies in Wisconsin? |
| 5 | A | To the best of my knowledge, yes. |
| 6 | Q | You did review? |
| 7 | A | I reviewed them. |
| 8 | Q | And you determined what? |
| 9 | A | That they were not doing business in Wisconsin. |
| 10 | Q | Were not? |
| 11 | A | Were not. |
| 12 | Q | Would you be the person in the company who would |
| 13 | | know if you were -- if TNA was doing business in |
| 14 | | Wisconsin? |
| 15 | A | Yes. |
| 16 | Q | Does TNA control the content of the |
| 17 | | advertisements that are shown in Exhibit 3? |
| 18 | A | No. |
| 19 | | MR. DONNELL: Thank you. That's all I |
| 20 | | have. |
| 21 | | MR. BOUTWELL: I have a follow-up |
| 22 | | question or two. |
| 23 | | FURTHER EXAMINATION |
| 24 | BY MR. BOUTWELL: | |
| 25 | Q | Looking at Exhibit 3, Pages 2 through 5, |

Great Lakes Shorthand, P.O. Box 2002, Grand Rapids, Michigan 49501  
(800) 234-2044  (888) FAX-6776  glsusa@aol.com  www.glsusa.net  
Case 2:04-cv-00192-WEC   Filed 11/05/04   Page 17 of 17   Document 48