IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,

                Plaintiff,

vs.

TVN ENTERTAINMENT CORPORATION,
GENERAL COMMUNICATIONS, INC.,
EBATES SHOPPING.COM, INC.,
MUSCATINE POWER & WATER (MPW)
CABLE, AMAZON.COM, INC.,
EPINIONS.COM, PPVN NETWORK
HOLDING, INC., PAY-PER-VIEW
NETWORK, INC., TNA
ENTERTAINMENT, LLC and MUZE, INC.,

                Defendants.

Case No. 04-C-0192

MAGISTRATE JUDGE
WILLIAM E. CALLAHAN

**ANSWER TO FIRST
AMENDED COMPLAINT**

NOW COMES Defendant TNA Entertainment, LLC, by and through its attorneys, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

**COUNT I**

1. This Defendant admits that Plaintiff has alleged claims for unfair competition and trademark and service mark infringement relating to various specific phrases, but denies the truth of such allegations as they relate to this Defendant. This Defendant further admits that Plaintiff has alleged claims under the Federal Trademark Act and under laws of the State of Wisconsin, but denies Plaintiff's entitlement to any relief under those statutes. This Defendant denies that the matter in controversy, as it relates to this Defendant, exceeds the sum or value of $75,000, and admits that Defendant TNA is not a citizen of the State of Wisconsin.

2. This Defendant admits that the Court has jurisdiction pursuant to §1121 of Title 15 and §1337(a) and §1338(a) of Title 28 of the United States Code. This Defendant denies that

the Court has jurisdiction pursuant to §1125(a) of Title 15, denies that there exists a §1113(a) of Title 28 of the United States Code, and neither admits nor denies the remaining allegations contained in paragraph 2 for lack of information sufficient to form a belief as to the truth thereof.

3. The allegations contained in paragraph 3 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

4. The allegations contained in paragraph 4 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

5. The allegations contained in paragraph 5 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

6. The allegations contained in paragraph 6 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

7. The allegations contained in paragraph 7 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

8. The allegations contained in paragraph 8 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

9. The allegations contained in paragraph 9 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

10. The allegations contained in paragraph 10 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

11. The allegations contained in paragraph 11 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

12. The allegations contained in paragraph 12 are denied as untrue, in that this Defendant denies that it has sufficient contacts with the State of Wisconsin to establish personal jurisdiction of this Defendant.

MKE/1005711.1

2

Case 2:04-cv-00192-WEC   Filed 01/17/05   Page 2 of 8   Document 58

13. The allegations contained in paragraph 13 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

14. This Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims, but denies the Plaintiff has asserted valid claims against this Defendant and denies that Plaintiff is entitled to any relief whatsoever from this Defendant.

15. The allegations contained in paragraph 15 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

16. The allegations contained in paragraph 16 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

17. This Defendant admits that Plaintiff registered a mark consisting of words and a design on October 4, 1994 bearing registration number 1857015. The remaining allegations contained in paragraph 17 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

18. The first sentence of paragraph 18 is not a statement of fact and requires no answer. With respect to jurisdiction, this Defendant denies that this Court has jurisdiction pursuant to 28 USC §1332(a), (c), but admits that this Court has subject matter jurisdiction pursuant to 28 USC §1338(b). The remaining allegations contained in paragraph 18 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

19. The allegations contained in paragraph 19 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

20. The allegations contained in the first sentence of paragraph 20 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof. With respect to the last sentence in paragraph 20, this Defendant denies that any of the pages within Exhibit J, other than pages J46 – J50, pertain to advertising of TNA events. With respect

to Exhibit J46, this advertisement was published by Time Warner Cable System and does not contain any of the words or phrases which Plaintiff claims constitutes Plaintiff's mark(s). With respect to Exhibit J47 – J50, these advertisements came from the Internet website for iN DEMAND, and none of these ads utilize the phrases claimed by Plaintiff to be Plaintiff's mark(s).

21. The allegations contained in paragraph 21, as they pertain to this Defendant, are denied as untrue.

22. The allegations contained in paragraph 22, as they pertain to this Defendant, are denied as untrue.

23. Admitted.

## COUNT II

This Defendant repeats, as if fully set forth herein, its responses to paragraphs 1 through 23 set forth above.

24. The allegations contained in paragraph 24 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

25. The allegations contained in paragraph 25 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

26. The allegations contained in paragraph 26 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

27. The allegations contained in paragraph 27 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

28. This Defendant neither admits nor denies that purchasers associate the specific phrases listed in paragraph 28 with Plaintiff for lack of information sufficient to form a belief as to the truth thereof denies that this Defendant has used any of the quoted phrases alleged in

paragraph 28 in the advertisements identified by Plaintiff, and asserts that the remaining allegations contained in paragraph 28 constitute legal conclusions for which no response is required. To the extent this Court would require a response to such remaining allegations, the same are denied as untrue.

29. The allegations contained in paragraph 29 as they apply to this Defendant are denied as untrue.

## COUNT III

This Defendant repeats, as if fully set forth herein, its responses to paragraphs 1 through 29 set forth above.

30. The allegations contained in paragraph 30 as they apply to this Defendant are denied as untrue.

31. The allegations contained in paragraph 31 as they apply to this Defendant are denied as untrue.

## COUNT IV

This Defendant repeats, as if fully set forth herein, its responses to paragraphs 1 through 31 set forth above.

30. [sic] The allegations contained in paragraph 30 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

31. [sic] The allegations contained in paragraph 31 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

32. [sic] The allegations contained in paragraph 32 as they apply to this Defendant are denied as untrue.

33. [sic] The allegations contained in paragraph 33 as they apply to this Defendant are denied as untrue.

MKE/1005711.1

34. [sic]    The allegations contained in paragraph 34 as they apply to this Defendant are denied as untrue.

## COUNT V

This Defendant repeats, as if fully set forth herein, its responses to all previous paragraphs of the First Amended Complaint set forth above.

30. [sic]    The allegations contained in paragraph 30 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

31. [sic]    The allegations contained in paragraph 31 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

32. [sic]    The allegations contained in paragraph 32 as they apply to this Defendant are denied as untrue.

33. [sic]    The allegations contained in paragraph 33 as they apply to this Defendant are denied as untrue.

WHEREFORE, Defendant TNA Entertainment, LLC prays for a judgment of this Court of no cause of action, together with an award of costs and attorneys fees incurred in defense of this action, and such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

2.    Defendant TNA did not use any of the 12 identified phrases as to which Plaintiff has claimed a mark in any advertisement or promotional material.

3.    Any advertisements or promotional materials created by Defendant or published by others in connection with events produced by Defendant TNA have not caused actual

confusion with Plaintiff's allegedly protected marks; nor have they caused a likelihood of such confusion.

4. All or some of Plaintiff's alleged marks are descriptive.

5. All of the phrases used in any of Defendant TNA's advertising or advertising for TNA sponsored events is descriptive and does not violate any mark owned by Plaintiff.

6. Plaintiff's alleged marks are generic.

7. Defendant TNA has not acted with any wrongful intent to infringe on any mark of Plaintiff in the promotion of any TNA sponsored events, and has not willfully infringed on any of Plaintiff's marks.

8. Plaintiff's claims are barred by the doctrine of estoppel.

9. Plaintiff's claims are barred by the doctrine of laches.

10. Plaintiff has failed to take reasonable steps to protect his mark.

11. Plaintiff has failed to mitigate his damages

12. Plaintiff is not entitled to any accounting by Defendant TNA regarding TNA's profits.

13. Plaintiff has suffered no damages as a result of any advertising or promotion done by TNA or done by others promoting events sponsored by TNA.

14. To the extent that Plaintiff has abandoned one or more of the phrases for which Plaintiff claims a mark, Plaintiff is entitled to no relief relating to such abandoned phrase or mark.

15. Defendant TNA's use of particular words and phrases in advertisements or promotional materials it has created, and advertisements or promotional materials created by others for TNA sponsored events constitutes fair use.

16. Defendant TNA reserves the right to add additional affirmative defenses upon completion of discovery in this matter.

Dated: January 17, 2005

Respectfully submitted,

By:   s/ Andrew A. Jones
    Daryl L. Diesing, State Bar No. 1005793
    Andrew A. Jones, State Bar No. 1023074
    WHYTE HIRSCHBOECK DUDEK S.C.
    555 East Wells Street
    Suite 1900
    Milwaukee, WI 53202
    Telephone: 414-273-2100
    Facsimile: 414-223-5000
    E-mail: ddiesing@whdlaw.com
           ajones@whdlaw.com

Douglas A. Donnell (P33187)
Jennifer A. Puplava (P58949)
MIKA MEYERS BECKETT & JONES, PLC
900 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Telephone: 616-632-8000
Facsimile: 616-632-8002
E-mail: ddonnell@mmbjlaw.com
       jpuplava@mmbjlaw.com

Attorneys for Defendant TNA Entertainment, LLC