UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLOSED

LOUIS JONES, Trustee, and
WORLD WRESTLING ASSOCIATION,
successor to UNITED WRESTLING
ASSOCIATION d/b/a U.W.A.
SUPERSTAR WRESTLING,

        Plaintiff,

v.

TITAN SPORTS, INC.,

        Defendant.

Case No. 90-C-991

U.S. DIST. COURT EAST DIST. WISC.
FILED
JAN 2 2 1993

ORDER

    The Plaintiffs in the above-captioned case have moved for the entry of judgment. Having reviewed the transcript of the settlement conference conducted on November 25, 1992, the court finds that the Plaintiffs accepted the terms of the Defendant's offer of judgment as recited at the hearing and that, based upon the terms of that offer, the court ORDERS that the "Plaintiffs' Motion for Entry of Judgment Under Rule 68" (filed December 18, 1992) IS GRANTED according to the following terms:

    IT IS ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter a final judgment as a separate document. This judgment shall provide that:

    Plaintiffs Louis Jones and World Wrestling Association, successor to United Wrestling Association d/b/a U.W.A. Superstar Wrestling and Defendant Titan Sports, Inc. having consented to a settlement of all the claims raised in this case,

Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedure.

I hereby certify that this is a true and correct copy of the original remaining of record in my office
RON B. NEDILSKY, Clerk
DATED: 2/1/91
By _____ Deputy
O 72A
(ev. 8/82)

Case 2:04-cv-00192-WEC   Filed 08/11/06   Page 1 of 2   Document 110-10

IT IS ORDERED AND ADJUDGED

that Plaintiffs Louis Jones and World Wrestling Association, successor to United Wrestling Association d/b/a U.W.A. Superstar Wrestling recover from Defendant Titan Sports, Inc. the amount of $209,500, which amount has been paid and satisfied.

IT IS FURTHER ORDERED AND ADJUDGED

that Defendant Titan Sports, Inc. is permanently enjoined from using the names "Superstar of Wrestling," "Superstar Wrestling," and "Superstars of Pro Wrestling" in connection with wrestling activities in the United States, and that Plaintiffs Louis Jones and World Wrestling Association, successor to United Wrestling Association d/b/a U.W.A. Superstar Wrestling are permitted to use said names in connection with wrestling activities. This judgment does not preclude any party from using the term "Superstars."

IT IS FURTHER ORDERED AND ADJUDGED

that this action is dismissed with prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin this 22d day of January, 1993.

Thomas J. Curran
United States District Judge

-2-

O 72A
Rev. 8/82)