IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON d/b/a )
WORLD WRESTLING ASSOCIATION, )
SUPERSTARS OF WRESTLING, INC. and ) No. 04 C 0192
d/b/a W.W.A. SUPERSTARS )
 ) JURY TRIAL DEMANDED
      Plaintiff )
 ) MAGISTRATE JUDGE
      v. ) WILLIAM E. CALLAHAN
 )
TNA ENTERTAINMENT, LL.C. )
      Defendant )


PLAINTIFF'S RESPONSE TO DEFENDANT TNA'S STATEMENT OF UNCONTESTED
FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT


Plaintiff admits Facts 1-7

8. Plaintiff is without knowledge to admit or deny the statement that TNA's programs are advertised by approximately 2000 local cable systems.
 Plaintiff denies that the cable systems create advertisements on their own for the program.
The advertisements are developed pursuant to agreements by and between TNA and In Demand.
P Ex 52.

9. Plaintiff admits that TNA creates and provides advertisements and information that is acceptable to TNA. Plaintiff is without knowledge regarding changes in advertisements by local cable affiliates, but admits that the local cable companies are affiliated with TNA for the purpose of creating the advertisements.

10. Admits.

11. Admits. Patterson has not been required for file a corporate return since it dissolved in 1994. In years where Patterson has not filed a personal return, he has not been required to file a personal return.

12. Denies to the extent that zero net income reflect a break even. Patterson has either had a loss (less than zero) or has not earned enough income to require him to file a personal tax return. King Kong Enterprises changed it name to World Wrestling Association. Which merged into United Wrestling Association which declared bankruptcy. Regardless of the name of the entity, Patterson's corporations did not have taxable income from 1987 to 1993. Patterson affidavit.

13. Admits. Patterson also contends that defendant's use of certain terms are confusingly similar to Patterson's claimed marks.

14. Admits. But See Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006 on the basis of evidence acquired by Patterson after the responses were deemed admitted and on the basis of use by the defendant after the requests were deemed admitted.

15. Denies. Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling". Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling". P. Ex 1 Accordingly, plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

16. Plaintiff admits that he owns that registrations but states that the summary and analysis of these registrations by TNA is not accurate. See Plaintiff's Exhibit 1 for the correct summary of Patterson's registration of the marks S*W SUPERSTARS OF WRESTLING and WORLD WRESTLING ASSOCIATION. Defendant's analysis missed the S FIVE POINT STAR W logo.

17. Admits.

18. Denies. P Ex 63-66 are TNA advertisements by defendant using Patterson's marks. Ex 63-66 were obtained by Patterson after TNA's requests to admit were deemed admitted. P Ex 62.

19. Admits the first clause stating Prior to 1993, Patterson had recorded a number of wrestling events which were televised of Wisconsin area television stations." Patterson denies that the last televised event was in 1993. Patterson licensed the mark SUPERSTARS OF WRESTLING through Resort Live, Inc. which were televised in Australia and throughout the United States. See P. Ex 7, 8.. The notice Superstars of Wrestling is a trademark or registered trademark of Albert Patterson D/B/A Superstars of Wrestling in the United States and other countries. Used under license from Albert P. Patterson D/B/A WWA Superstars of Wrestling. P. Ex 6.

20. Denies. Defendant would have the court believe that there are two million wrestling entertainment service businesses. Patterson had no foundation to testify regarding the so-called Internet Google search and could not testify regarding the number of hits in that search or the composition of the hits in the search . Denies that the so-called hits from the Google search "Wrestling Superstars" are admissible evidence. First, there is no evidence which of the two million hits was with respect to professional wrestling entertainment services. There is no evidence asa to which hits involved joint use of both words as opposed to only one word Moreover, there is no evidence as to the methodology Google used to respond to the search conducted or to the specifics of the search conducted. See P. Ex 70.

21. Denies. See Response to Fact 20.

22. Denies See Response to Fact 20. Admits that Patterson is pursuing action against Dale Gagner, but denies that Gagner is AWA. Patterson is also pursing action against TNA in this litigation and against WWE as described in Fact 23 and has written many cease and desist letters.

23. Admit.

24. Admits that Randa granted summary judgment in favor of WWE but denies that the claims are strikingly similar to the claims in this case. That is a conclusion of law and has no cite of authority.

25. Admits.

26. Denies. This statement is a conclusion of law and there is no cite to authority. Moreover, the statement is too vague to be of use.

27. Denies. The statement is a conclusion of law.

28. Denies. The statement is a conclusion of law. Moreover, there is no authority cited as support for the statement as required. Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling". P. Ex 1 Accordingly, plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

29. Admitted.

30. Denied. Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling". P. Ex 1 Accordingly, plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of professional wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

31. Plaintiff admits that he received the letter from attorney Essman in 1994 but denies that he relied on that letter.

32. Plaintiff admits that Patterson challenged Titan's mark "WWF Superstars" before the Trademark Trial and Appeals Board

33. Admits but denies the relevance due to the cancellation of the marks WWF Superstars. by Titan Sports, Inc and its successors subsequent to the decision by the Trademark Trial and Appeals Board. P Exs 4, 5.

34. Admits but denies the relevance due to the subsequent cancellation of the marks WWF Superstars. P. Exs 4, 5

35. Admits

36. Admits that he entered into four license agreements, each of which is different and licensed different marks owned by Patterson. P Exs 7, 10, 40, 41.

37. Denies that he did not receive any revenue from the agreement with Salvoldi. Patterson received a lump sum payment of $1,500 plus a % of sales in excess of a stated amount. P Ex 40

Denies that the description of the agreement with Madacy is accurate. That agreement was provided in discovery and provided for a payment of $5,000 plus a royalty in excess of a stated amount . P Ex 10.

Admits with respect to Dale Gagner Patterson admits that Gagner never paid any money as he was required to under the settlement agreement but states that Gagner is being sued for breach of the agreement. P Ex 41, 74.

Admits that Patterson under the Resort Live, Inc license agreement was paid $250 per show for use of his registered service mark "SUPERSTARS OF WRESTLING" but not the logo. P Ex 7, 8.

38. Patterson denies. Patterson's use of the marks has exceeded once a year when licensed shows are considered. See Exs 1-47, D Ex D Hughes interrogatory response.

39. Admits. Patterson observes that defendant TNA also is losing money. P Ex 69. From this perspective, Patterson has substantially out performed the defendant.

40. Denies. Licensees of Patterson advertised on the internet and through pay per view networks. P Exs 7, 8, 10, 40, 41.

41. Denies. Patterson clearly disclosed the license agreements using the marks. P Exs 7, 8, 10, 40, 41

42. Denies. See events produced.

43. Admits that Defendant TNA's televised events are regularly marketed throughout the country and its DVDs are sold throughout the country but denies that argument "In contrast" to the extent that it could be deemed to be an admission of Fact 42 which has been denied.

44. Denies. Patterson disclosed the use of his marks at local events in response to interrogatories and under licensing agreements.. P Exs 7, 8, 10, 40, 41;. D Ex D.

45. Patterson has requested leave to amend his response to request to admit based of new evidence learned by Patterson after the request to admit, and based on use by the defendant of the marks after the time that the admissions were deemed admitted. Moreover, the service mark had not been included in the fact. See court record.

46. Denies. Defendant has failed to assert authority for this fact. Patterson's Motion for Partial Summary Judgment has identified many instances of confusion including but not limited to Ex 63-66. See also D Ex

47. Patterson admits that Patterson objects to the use of Superstars in conjunction with the word wrestling with respect to wrestling entertainment services. P. Ex 1 which is Patterson'S registration and renewal of SUPERSTARS OF WRESTLING disclaims "wrestling". TNA's use of TNA SUPERSTARS means TNA SUPERSTARS OF WRESTLING.

48. Admits that TNA attached examples of its advertisements to its Brief. Plaintiff denies any implication that these were the only advertisements by TNA and states that subsequent to the filing of the complaint, Plaintiff has learned of additional advertisements by TNA to which Patterson objects. P Exs 63-66.

49. Plaintiff denies. While TNA appears on its advertisements, the sponsor under the initials TNA is not always unambiguous. Patterson produced the NWA-TNA SUPERSTARS OF WRESTLING advertisement for defendant's televised events in November and December of 2002 and states that the sponsorship of these events was ambiguous to the extent NWA appears to be a co-sponsor with TNA  P Ex 63.

50. Admits

51. Admits that Patterson held at least one live event per year over the last decade. See D Ex D, P Ex 1-47, P Ex 72. Moreover, Patterson licensed the marks. Moreover, both Patterson and TNA are in the business of wrestling entertainment. To the extent the statement claims that the events are different, this is a conclusion without any factual basis of support.

52. Denies. The statement appears to be a legal conclusion with no specific facts upon which to support the conclusion. The statement lacks authority.

53. Denies. Patterson has licensed nationally and internationally. P Exs 7, 8, 10, 40, 41. Patterson objects to the lack of specificity regarding the years, but admits that in some years Patterson's events were solely in Wisconsin's largest metropolitan area, Milwaukee. D Ex D. P Ex 72.

54. While Patterson admits that the statement quotes a part of Judge Randa's opinion, Patterson states that this is only a portion of Judge Randa's opinion and rejects any attempt by the defendant to limit Judge Randa's opinion to only the quoted portion.

55. Patterson objects to defendant's attempt to present a legal conclusion regarding the findings

by Judge Randa as a fact and states that statements such as this should be arguments based on the record in that case. Patterson has also presented new evidence in this case which was not presented in the litigation before Judge Randa with newly discovered evidence regarding defendant's use of Patterson's marks. Judicial notice of Randa opinion.

56. Denies. This a conclusion of law and not a fact. Moreover, this statement is not supported by any authority as required. Moreover, assuming arguendo that Patterson's mark is weak, his mark is still entitled to protection and large entrepreneurs such a TNA which lose more each month than Patterson lost in a two decades, cannot simply take the tradename of small businesses, just because they are small. P Ex 69.

57. Admits sentence one. Denies sentence two. Sentence Two is a legal conclusion and/or argument rather than a fact. Moreover, sentence two is not supported by any authority as required by Local Rules.

58. Denies. This statement is a conclusion of law, not a fact. Moreover, there is no support for this statement as required by Local Rules. Denies that the so-called hits from the Google search "Wrestling Superstars" are admissible evidence. First, there is no evidence which of the hits was with respect to professional wrestling entertainment services. There is no evidence regarding which hits involved joint use of both terms since a hit includes use of either one or both words. P Ex 70. Moreover, there is no evidence as to the methodology Google used to respond to the search conducted or to the specifics of the search conducted.

59. Admits that Patterson made the statement, and states that he was referring to the business of professional wrestling entertainment services.

60. Denies that the statement is supported by authority as required by Local Rules. Denies as to relevance in that Patterson's complaint is strictly limited to the business of professional wrestling entertainment services.

61. Denies. This is a conclusion of law and not a statement of fact. Moreover, there is no support of authority as required by Local Rules. Denies that defendant has appropriately presented an admissible evidence regarding a deluge of advertising with respect to wrestling entertainment services.

62. Denies. See arguments with respect to actual use of plaintiff's marks. P Exs 1-47. D Ex D. P Facts 1-63

63. Denies. See 62 response

64. Denies. See answers to D Facts 62 and 63.

65. Denies. This statement is a conclusion of law without authority as required by Local Rules. However, Patterson has not made claims that defendant is "passing off" Patterson's products as its own. Rather TNA actions dilute Patterson's mark by using TNA along side Patterson's mark

and result in ocnfusion as to source when Patterson used his registered mark

66. Admits that TNA's advertisements used TNA, but Patterson is without knowledge regarding the purported reason defendant uses TNA and states that the statement is without authority as required.

67. Denies. See response to Fact 49.

68. Denies. This is a conclusion of law rather than a fact. Moreover, the statement is argument and is without supporting authority as required by Local Rules.

69. Denies. This is a conclusion of law rather than a fact. Moreover, the statement is argument and is without supporting authority as required. Moreover, the Google search is not admissible evidence for the reasons stated in response to Fact 58.

70. Denies. Defendant used Plaintiff's registered mark SUPERSTARS OF WRESTLING, and even after the filing of the complaint in this action, defendant has used the marks of plaintiff. P Exs 64-66. See Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006 and Plaintiff's Motion for Partial Summary Judgment, P. Ex 3 with attachments . Exhibit 63-66.

71. Denies. Plaintiff has moved to amend his answer to the Defendant's Request to Admit No 2 on the basis of evidence discovered after the deemed admission a dn of the basis of advertisements placed by the Defendant after the date of the deemed admissions. See Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006.

72. Denies. Sentence one is a conclusion of law rather than a fact. Plaintiff admits that he did produce Exhibits J-46, J-48, G-16, G-20, P-7, P-9 and that these are advertisements by defendant TNA.

73. Denies. This is a conclusion of law rather than a fact. Moreover, there is no authority for this statement as required. Plaintiff denies that he has ever consented to defendant's use of his marks. P Ex 68, p 36

74. Denies that the Google search referenced above is admissible evidence for any purpose. See Response to fact 58. At his deposition, Patterson was without knowledge regarding the identity of the promoters identified in certain advertisements and states that many of the advertisements by professional wrestling entertainment services were by TNA, WWE, Dale Gagner or liccensed by Patterson. In fact Patterson has obtained an injunction against Dale Gagner and is currently suing Gagner to enforce that injunction. P Ex 74.

75. Patterson denies. This is a conclusion of law rather than a fact and there is no statement of authority as required by Local Rules. Patterson denies that he has abandoned any mark and states that defendant's use is preventing Patterson from using his mark in commerce.

76. Denies.  In addition to d Ex D, see p EX 1-47 and 72.

77. Denies.  There is no statement of authority as required by Local Rules  Patterson last use the marks in June 2006.  P. Ex 72.

ALBERT PATTERSON

_____
Charles Drake Boutwell, His attorney

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Il 60062
847-272-2126

CERTIFICATE OF SERVICE

I , Charles Drake Boutwell, hereby certify that I caused to by served a copy of PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT TNA'S MOTION FOR SUMMARY JUDGMENT on Jenifer A. Puplava MIKA MEYERS BECKETT & JONES, PLC, 900 Monroe Ave., Grand Rapids, MI 49503, counsel for TNA, on September 11, 2006 via electronic transmission.

_____
Charles Drake Boutwell