UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON, d/b/a WORLD
WRESTLING ASSOCIATION, d/b/a
SUPERSTARS OF WRESTLING, INC.
and d/b/a W.W.A. SUPERSTARS,

                Plaintiff,

   vs.

TNA ENTERTAINMENT, LLC,

                Defendant.

Case No. 04-C-0192

Magistrate Judge
William E. Callahan

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT TNA'S STATEMENT
OF UNCONTESTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant TNA Entertainment, LLC ("TNA"), and in reply to Plaintiff's

Response to Defendant TNA's Statement of Uncontested Facts in Support of its Motion for

Summary Judgment, states as follows:

Plaintiff correctly points out that Defendant failed to provide record citations in its

Statement of Uncontested Facts in Support of its Motion for Summary Judgment for paragraphs

18, 25, 26, 28, 44, 48, 49, 51, 52, 53, 55, 56, 57, 58, 60, 61, 62, 64, 65, 66, 67, 68, 69, 73, 75 and

77. Where appropriate, record citations are provided within TNA's reply below.

1.      TNA is an entertainment company which produces and promotes live wrestling

events and markets recordings of those events on TV and DVDs nationwide and internationally.

(Barton Affidavit, Exhibit A to TNA's Brief in Support of Motion for Summary Judgment).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

2.      TNA was formed in 2002 and first began promoting its wrestling events in mid-

to late 2002. *Id.*

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

3. TNA produces and distributes DVDs of TNA wrestling events through a licensee (Navarre Home Entertainment). (Barton Dep., pp. 8-11).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

4. TNA's wrestling events are also broadcasted via the Internet by MediaZone pursuant to a license agreement. (Barton Dep., p. 12).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

5. TNA's programs were also telecast via pay-per-view by iN Demand and its affiliates. (Barton Dep., pp. 22-23).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

6. Marvel produced and sold action figures of TNA wrestlers pursuant to a license agreement with TNA. (Barton Dep., p. 31).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

7. Liquid Blue designed, produced, and distributed T-shirts. (Barton Dep., p. 32).

**Plaintiff's Response:** Plaintiff admits Facts 1-7.

8. TNA's programs are advertised by approximately 2,000 local cable systems across the country, and those cable systems create their own advertisements for the programs. (Barton Dep., p. 87).

**Plaintiff's Response:** Plaintiff is without knowledge to admit or deny the statement that TNA's programs are advertised by approximately 2000 local cable systems. Plaintiff denies that the cable systems create advertisements on their own for the program. The advertisements are developed pursuant to agreements by and between TNA and In Demand. P Ex 52.

**Defendant's Reply:** Pl.'s Ex. 52, the iN DEMAND License Agreement, does not rebut the testimony at Barton Dep. at 87 (Ex. F to 9/11/2006 Puplava Affidavit), that cable systems created their own advertisements. (*See also* Campbell Dep. at 10; Ex. Q to 9/26/2006 Affidavit

of Jennifer Puplava; and Pl.'s Ex. 63 (which is copyrighted and produced by Alameda Power & Telecom).) Pl.'s Ex. 52 is a license agreement between TNA and iN DEMAND, and the cable systems were not parties to that agreement.

9.     TNA creates and provides advertisements and information that is acceptable to TNA, but local cable affiliates in many instances create their own advertisements and make changes to the content provided by TNA. (Barton Dep., pp. 90-91, 98-99).

**Plaintiff's Response:** Plaintiff admits that TNA creates and provides advertisements and information that is acceptable to TNA. Plaintiff is without knowledge regarding changes in advertisements by local cable affiliates, but admits that the local cable companies are affiliated with TNA for the purpose of creating the advertisements.

**Defendant's Reply:** TNA denies that local cable companies are in any way "affiliated" with TNA for the purpose of creating advertisements. Plaintiff fails to provide any record citation for its statement that TNA entered into any agreements with local cable systems.

10.     Albert Patterson claims to be doing business under a variety of names, including World Wrestling Association, World Wrestling Association Superstars of Wrestling, and W.W.A. Superstars. (Amended Complaint).

**Plaintiff's Response:** Admits.

11.     Patterson's business has not filed a corporate tax return since 1993 and he has not filed an individual tax return since sometime in the 1980s. (Patterson Dep., pp. 16-19).

**Plaintiff's Response:** Admits. Patterson has not been required for file a corporate return since it dissolved in 1994. In years where Patterson has not filed a personal return, he has not been required to file a personal return.

12.     Patterson has had zero net income from use of his claimed marks since at least 1993 (Patterson Dep., pp. 22-23, 60, 152-154), and his former company, King Kong Enterprises,

did not generate positive net income from the claimed marks from 1987 to 1993. (Patterson Dep., pp. 46-47).

**Plaintiff's Response:** Denies to the extent that zero net income reflect a break even. Patterson has either had a loss (less than zero) or has not earned enough income to require him to file a personal tax return. King Kong Enterprises changed it name to World Wrestling Association. Which merged into United Wrestling Association which declared bankruptcy. Regardless of the name of the entity, Patterson's corporations did not have taxable income from 1987 to 1993. Patterson affidavit.

13. In this action, Mr. Patterson claims that the following names, marks, phrases and terms are his protected property:

> "WORLD WRESTLING ASSOCIATION, W.W.A., WORLD WRESTLING ASSOCIATION SUPERSTARS, W.W.A SUPERSTARS, SUPERSTAR WRESTLING, SUPERSTARS WRESTLING, SUPERSTARS OF WRESTLING, SUPERSTARS OF PRO WRESTLING, W.W.A. SUPERSTAR WRESTLING, W.W.A. SUPERSTARS WRESTLING, W.W.A. SUPERSTARS OF WRESTLING, AND W.W.A SUPERSTARS OF PRO WRESTLING." (Plaintiff's Response to Defendant TNA Entertainment LLC's Interrogatories and Requests for Production of Documents to Plaintiff, ¶ 1).

**Plaintiff's Response:** Admits. Patterson also contends that defendant's use of certain terms are confusingly similar to Patterson's claimed marks.

**Defendant's Reply:** TNA does not dispute that Plaintiff contends that TNA's use of certain terms are confusingly similar to Plaintiff's claimed marks. TNA does dispute that such confusion existed or was likely. (*See* TNA's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment and TNA's Brief in Support of Defendant TNA Entertainment, LLC's Motion for Summary Judgment.)

14.     The above phrases are the same 12 phrases listed in Plaintiff's Amended Complaint that this Court previously held Patterson had admitted were **not** used by Defendant. (August 26, 2005 Decision and Order, p. 6).

**Plaintiff's Response:**  Admits.   But see Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006 on the basis of evidence acquired by Patterson after the responses were deemed admitted and on the basis of use by the defendant after the requests were deemed admitted.

15.     In his deposition, Patterson also claimed that TNA is prohibited from using the word "superstars" in any context connected with wrestling, and that Patterson is the only person in the wrestling entertainment business allowed to use the phrase "superstars" except for individuals or entities to whom he has granted a license.  (Patterson Dep., pp. 72-73, 75, 81, 95).

**Plaintiff's Response:**  Denies.   Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling."  Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling."  P  Ex 1.  Accordingly, Plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

**Defendant's Reply:**  Plaintiff has not provided any record citation supporting his purported response to paragraph 15.  TNA disputes that Plaintiff's characterization of Patterson's testimony.  Patterson testified as follows:

> "Q     I understand.  So, again, I'm trying to clarify what you're claiming.  Is it your claim that anyone engaged in the wrestling entertainment business, either promoting events, selling merchandise, doing TV spots, whatever, is prohibited from using the word "superstars" in connection with --

A       In conjunction with wrestling, yes --

Q       -- promoting?

A       -- I would say --

Q       Then am I to assume correctly that anyone engaged in the wrestling entertainment business would likewise be prohibited from using the phrase "wrestling superstars"?

A       It's superstars of wrestling reversed, yes.

Q       So the answer is, yes, anyone in that business would be prohibited from using that phrase?

A       Yes.

Q       Would anyone be prohibited from using that phrase if it was used in conjunction with that individual's or entity's name, such as TNA wrestling superstars; do you claim that that is prohibited?

A       If you use it in conjunction with wrestling, to present wrestling.

*   *   *

Q       Do you contend that any entity's name with the words "wrestling superstars" is prohibited if that entity is promoting or engaged in wrestling entertainment?

A       Yes.

*   *   *

BY MR. DONNELL:

Q       But my question was, you are the -- it is your claim that you are the only person in the wrestling entertainment business allowed to use the phrase -- the word "superstars" in conjunction with wrestling entertainment, true?

A       That's my position in this litigation --

Q       Okay.

A       -- with TNA, yes."

(Patterson Dep. at 75-81; Ex. R to 9/26/2006 Affidavit of Jennifer Puplava.)

16.     Of the above marks Patterson claims he "owns," only the following marks are registered with the United States Patent and Trademark Office: WORLD WRESTLING ASSOCIATION (Reg. No. 3051928) (In Class 35 for "promoting wrestling competitions of others" and Class 41 for "entertainment services in the nature of wrestling matches; wrestling videotape production; and entertainment services in the nature of ongoing television programs featuring wrestling"), and SUPERSTARS OF WRESTLING SW picture mark containing the words "superstars of wrestling sw" (Reg. No. 1857015) (In Class 41 for "entertainment services in the nature of television programs featuring wrestling).  (Patterson Dep. Ex. 8, 9; attached as Exhibit B to TNA Entertainment's Brief).

**Plaintiff's Response:**  Plaintiff admits that he owns that registrations [sic] but states that the summary and analysis of these registrations by TNA is not accurate.  See Plaintiff's Exhibit 1 for the correct summary of Patterson's registration of the marks S*W SUPERSTARS OF WRESTLING and WORLD WRESTLING ASSOCIATION.  Defendant's analysis missed the S FIVE POINT STAR W logo.

**Defendant's Reply:**  TNA admits that Plaintiff's Reg. No. 1857015 is for the following composite mark:



(*See* Pl.'s Ex. 1.)  TNA also admits that Pl.'s Ex. 1 contains the proper summary of Reg. No. 1857015.

17.     Plaintiff has obtained state registrations for the marks:  WORLD WRESTLING ASSOCIATION; U.W.A. SUPER STAR WRESTLING; and WWA SUPER STARS OF PRO WRESTLING.  (Patterson Dep. Ex. 7) (attached as Exhibit C to TNA Entertainment's Brief).

**Plaintiff's Response:** Admits.

18.     Although Plaintiff in this litigation has produced copies of many advertisements for TNA sponsored events, Plaintiff has failed to produce a single advertisement created by or for TNA using any of Plaintiff' [sic] registered marks.

**Plaintiff's Response:** Denies. P Ex 63-66 are TNA advertisements by defendant using Patterson's marks. Ex 63-66 were obtained by Patterson after TNA's requests to admit were deemed admitted. P Ex 62.

**Defendant's Reply:** Although Plaintiff noted that TNA failed to provide a record citation for paragraph 18, TNA cannot provide a record citation to prove a negative. Moreover, as described in Defendant TNA's Response to Plaintiff's Statement of Uncontested Facts in Support of His Motion for Partial Summary Judgment, and Defendant TNA's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, Pl.'s Exs. 62-66 are not advertisements in which TNA used Plaintiff's registered marks. TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63. (Barton Dep. at 91-93, Ex. F to 9/11/06 Puplava Affidavit.) TNA disputes that Pl.'s Ex. 65 uses any of Plaintiff's marks, and states that it uses the phrase "superstars of TNA Wrestling." TNA disputes that Pl.'s Ex. 66 uses any of Plaintiff's marks, and states that it uses the phrase "the new superstars of professional wrestling" and "the superstars of the X Division."

19.     Prior to 1993, Patterson had recorded a number of wrestling events which were televised on Wisconsin area television stations, but the last of these televised wrestling events occurred in 1993, when Patterson incurred nearly $30,000 in expenses to produce the event, but realized only $1,200 in revenues. (Patterson Dep., pp. 134, 183).

**Plaintiff's Response:** Admits the first clause stating "Prior to 1993, Patterson had recorded a number of wrestling events which were televised of Wisconsin area television

stations." Patterson denies that the last televised event was in 1993. Patterson licensed the mark SUPERSTARS OF WRESTLING through Resort Live, Inc. which were televised in Australia and throughout the United States. See P. Ex 7, 8. The notice Superstars of Wrestling is a trademark or registered trademark of Albert Patterson D/B/A Superstars of Wrestling in the United States and other countries. Used under license from Albert P. Patterson D/B/A WWA Superstars of Wrestling. P. Ex 6.

**Defendant's Reply:** TNA disputes that Plaintiff presented a televised wrestling event after 1993. (Patterson Dep. at 134 & 183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.) TNA has no information regarding whether Resort Live telecast any events under license from Patterson but Patterson claims that the only such events occurred in July and August 2000. TNA also disputes that "Superstars of Wrestling" is a registered trademark, as Plaintiff's registration is for the composite mark shown below:



TNA further disputes that Plaintiff owns any trademark rights in the words "superstars of wrestling," for the reasons set forth more fully in TNA Entertainment, LLC's Motion for Summary Judgment and Defendant TNA's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment.

20. Since 1993, Patterson has not televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee. (Patterson Dep. Ex. 2, pp. 12, 13; attached as Exhibit D to TNA Entertainment's Brief; Patterson Dep., pp. 157-159, 175-176, 183).

**Plaintiff's Response:**  Denies.  Defendant would have the court believe that there are two million wrestling entertainment service businesses.  Patterson had no foundation to testify regarding the so-called Internet Google search and could not testify regarding the number of hits in that search or the composition of the hits in the search .  Denies that the so-called hits from the Google search "Wrestling Superstars" are admissible evidence.  First, there is no evidence which of the two million hits was with respect to professional wrestling entertainment services.  There is no evidence asa [sic] to which hits involved joint use of both words as opposed to only one word.  Moreover, there is no evidence as to the methodology Google used to respond to the search conducted or to the specifics of the search conducted.  See P. Ex 70.

**Defendant's Reply:**  Plaintiff's response to ¶ 20 does not address the statement made by TNA.

21.    Patterson acknowledges that an Internet Google search for the words "wrestling superstars" returned over 2 million hits, and noted that "everyone at this point in time wants to be wrestling superstars or superstars of wrestling."  (Patterson Dep., pp. 86-87).

**Plaintiff's Response:**  Denies.  See Response to Fact 20.

**Defendant's Reply:**  Patterson testified as follows:

> "Q    Mr. Patterson, let me show you a document which we've marked as Exhibit 6.  When I say a document, it's a collection of Internet printouts.
>
> MR. BOUTWELL:  Do you have an extra one?
>
> MR. DONNELL:  Oh, yeah, I'm sorry.
>
> MR. BOUTWELL:  Thanks.
>
> BY MR. DONNELL:
>
> Q    And I will represent to you that this is actually an Internet search that I did, and all I did was type in the words wrestling superstars; do you see that at the top:

A    Yes.

Q    And I did a Google search for responses to that phrase; do you see that?

A    Yes.

Q    And do you see that when I typed that in, the response was that there was over 2 million hits on that phrase of the use of those words, if you look back on page one?

A    Yes.

Q    Do you see that there are approximately 2,040,000 responses using those words?

A    Yes.  I mean, everyone at this point in time wants to be wrestling superstars or superstars of wrestling.

Q    Okay.

A    And we are searching these parties out.  The Internet services companies does not like to give out the information on the peoples and different stuff.  A lot of them we have to try to subpoena the information."

(Patterson Dep. at 86-87; Ex. R to 9/26/2006 Affidavit of Jennifer Puplava.)

22.    In reviewing Patterson deposition Exhibit 6 (attached as Exhibit E) containing only the first 250 of the over 2 million sites using some combination of "wrestling" and "superstars," Patterson testified that he is pursuing action against only one, AWA, and has not taken action against any of the other parties listed in the deposition exhibit who are using names or phrases Patterson claims are protected.  (Patterson Dep., pp. 87-95).

**Plaintiff's Response:**    Denies See Response to Fact 20.  Admits that Patterson is pursuing action against Dale Gagner, but denies that Gagner is AWA.  Patterson is also pursing [sic] action against TNA in this litigation and against WWE as described in Fact 23 and has written many cease and desist letters.

**Defendant's Reply:**    Plaintiff provides no record citation for the facts contained in his response to ¶ 22.

23.     Among Patterson's various lawsuits is an action currently pending in federal court for the Eastern District of Wisconsin against the largest producer of wrestling entertainment events in the industry, World Wrestling Entertainment or "WWE." (*Patterson v. World Wrestling Entertainment, Inc., et al,* 2006 U.S. Dist. LEXIS 7453 E.D. Wis. January 31, 2006; *Patterson v. World Wrestling Entertainment, Inc., et al*, Case No. 03-C-0374).

**Plaintiff's Response:**  Admitted.

24.     Earlier this year, in the *Patterson v. World Wrestling Entertainment* case, Judge Randa granted summary disposition in favor of defendant WWE in that litigation on claims strikingly similar to the claims made by Patterson in this case.  (See Decision dated January 31, 2006, attached as Exhibit F).

**Plaintiff's Response:**  Admits that Randa granted summary judgment in favor of WWE but denies that the claims are strikingly similar to the claims in this case.  That is a conclusion of law and has no cite of authority.

**Defendant's Reply:**  To the extent that ¶ 24 contains a conclusion of law rather than a statement of fact, TNA withdraws such conclusion.

25.     Indeed, many of the paragraphs in the *World Wrestling Entertainment* complaint are identical to paragraphs in Plaintiff's Amended Complaint in this action.

**Plaintiff's Response:**  Admits.

**Defendant's Reply:**  Admits, and further states, in response to Plaintiff's comment that no record citation is provided for this paragraph, that both Plaintiff's Complaint and the WWE Complaint are already part of the Court's record.

26.     A number of the factual findings by the district court in its *World Wrestling Entertainment* January 31, 2006 Decision are equally applicable to the present lawsuit involving the same Plaintiff.

**Plaintiff's Response:** Denies. This statement is a conclusion of law and there is no cite to authority. Moreover, the statement is too vague to be of use.

**Defendant's Reply:** Paragraph 26 relates only to the Court's "factual findings," not the Court's conclusions of law.

27. In the *World Wrestling Entertainment* case, Judge Randa dismissed Plaintiff's claim that the defendant WWE was not allowed to use the phrase "WWF Superstars" on the ground of laches and dismissed the claim that defendant's marks "World Wrestling Entertainment" and "WWE" were confusingly similar to Plaintiff's marks "World Wrestling Association" and "WWA" as a matter of law. *Id.*

**Plaintiff's Response:** Denies. The statement is a conclusion of law.

**Defendant's Reply:** The dismissal of Plaintiff's claims is a fact, albeit the result of many findings of fact and conclusions of law by the District Court.

28. Also relevant to Plaintiff's claim that no one but Plaintiff is allowed to use the word "superstars" in connection with wrestling entertainment are the decisions in prior lawsuits involving Patterson as a party, and reaching directly opposite conclusion.

**Plaintiff's Response:** Denies. The statement is a conclusion of law. Moreover, there is no authority cited as support for the statement as required. Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling." P. Ex 1. Accordingly, plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

**Defendant's Reply:** The support for TNA's proposed statement of fact in ¶ 28 is made in ¶¶ 29-34 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary

Judgment. However, to the extent that ¶ 28 states a conclusion of law, TNA withdraws such statement.

29. In a 1993 order in the Eastern District of Wisconsin, with the consent of Patterson, Judge Curran ordered that WWE's predecessor, Titan Sports, was not permitted to use certain names, but specifically ruled that "this judgment does not preclude any party from using the term 'superstars.'" See Opinion dated January 22, 1993 attached as Exhibit G to TNA Entertainment's Brief).

**Plaintiff's Response:** Admitted.

30. Patterson in his deposition admitted that, as far back as 1993, he expressly agreed to allow the largest provider of wrestling entertainment in the industry to use the very word he now claims in this litigation only he is allowed to use. (Patterson Dep., pp. 57, 106-109).

**Plaintiff's Response:** Denied. Patterson claims his rights under the registration SUPERSTARS OF WRESTLING which disclaims the word "wrestling." P. Ex 1 Accordingly, plaintiff claims that TNA is prohibited from using the word "superstars" in connection with the advertisement or presentation of professional wrestling entertainment services in a manner that is confusingly similar to plaintiff's service mark SUPERSTARS OF WRESTLING as registered with the United States Patent and Trademark Office.

**Defendant's Reply:** Plaintiff's deposition testimony supports the statement of fact as stated above, not as modified by Plaintiff's response.

31. Even Patterson's own attorney advised him that he did **not** have exclusive right to use of the term "superstars" in promotion of wrestling entertainment events. (See letter of Attorney Essman dated October 14, 1994 attached as Exhibit H to TNA Entertainment's Brief).

**Plaintiff's Response:** Plaintiff admits that he received the letter from attorney Essman in 1994 but denies that he relied on that letter.

**Defendant's Reply:** TNA does not dispute Plaintiff's denial that the relied on the letter from his attorney advising that he did not have exclusive right to use of the term "superstars" in promotion of wrestling entertainment events.

32. Apparently dissatisfied with the agreement he made with Titan Sports, Patterson subsequently challenged Titan's mark "WWF Superstars" before the Trademark Trial and Appeals Board ("TTAB"). (Patterson Dep., p. 97).

**Plaintiff's Response:** Plaintiff admits that Patterson challenged Titan's mark "WWF Superstars" before the Trademark Trial and Appeals Board.

33. In ruling on Plaintiff's challenge to the mark, the TTAB ruled against Plaintiff on his claim that Titan Sports was not entitled to use the word "Superstars" or "WWF Superstars," stating at page 8 that, "Both parties, however, also acknowledge that the court [Eastern District of Wisconsin] determined that each was free to use the term SUPERSTARS." (See TTAB ruling dated August 12, 1999, attached as Exhibit I to TNA Entertainment's Brief).

**Plaintiff's Response:** Admits but denies the relevance due to the cancellation of the marks WWF Superstars by Titan Sports, Inc and its successors subsequent to the decision by the Trademark Trial and Appeals Board. P Exs 4, 5.

**Defendant's Reply:** TNA disputes Plaintiff's claim that the ruling that both Plaintiff and Titan could use the term "superstars" is irrelevant. Titan voluntarily surrendered Registration No. 1819240 for WWF SUPERSTARS in 2002, which resulted in cancellation of the registration. (Pl.'s Ex. 4.)

34. The TTAB then went on to address Plaintiff's claim that the public would find "WWF Superstars" confusingly similar to his claimed protected marks, which are the same marks Plaintiff claims are protected in the present litigation. With regard to that argument, the Board found:

"Under these circumstances, we then compared WWF SUPERSTARS, with "Superstars" disclaimed, and Plaintiff's pleaded marks, there is no basis for finding a likelihood of confusion among consumers. *We hold, as a matter of law, that there would be no likelihood of confusion among consumers.* (TTAB Opinion, at pp. 8, 9) (Emphasis added).

**Plaintiff's Response:** Admits but denies the relevance due to the subsequent cancellation of the marks WWF Superstars. P Exs 4, 5.

**Defendant's Reply:** TNA disputes Plaintiff's claim that the ruling that both Plaintiff and Titan could use the term "superstars" is irrelevant. Titan voluntarily surrendered Registration No. 1819240 for WWF SUPERSTARS in 2002, which resulted in cancellation of the registration. (Pl.'s Ex. 4.)

35.     Patterson took no action to overturn the TTAB's decision. (Patterson Dep., p. 100).

**Plaintiff's Response:** Admits.

36.     Patterson claims to have entered into four license agreements authorizing use of his allegedly protected marks. (Patterson Dep., pp. 112, 113, 121-23, 125, 127, 130).

**Plaintiff's Response:** Admits that he entered into four license agreements, each of which is different and licensed different marks owned by Patterson. P Exs 7, 10, 40, 41.

**Defendant's Reply:** TNA disputes that Plaintiff has ownership rights in the claimed marks. (*See* TNA's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment and TNA's Brief in Support of Defendant TNA Entertainment, LLCs' Motion for Summary Judgment.)

37.     Patterson's agreements can be summarized as follows:

- An agreement with a Mr. Salvoldi authorizing his sale of 8 video tapes, reached as part of a settlement of litigation (Patterson Dep., pp. 114, 115, 121). Plaintiff has received no revenue at all from any such sales. (Patterson Dep., p. 114).

- An agreement with Madacy, reached as part of a settlement of a lawsuit, in which the only payment made was "basically they paid the legal fees for the lawsuits and the different stuff like that, and that's what they basically paid." (Patterson Dep., pp. 122-124)

- An agreement with Dale Gagner, reached as part of a lawsuit settlement, in which Gagner is to pay to Plaintiff 20% of sales revenues derived from Plaintiff's allegedly protected marks. (Patterson Dep., pp. 124-126). Patterson has received zero revenue from this agreement. (Patterson Dep., p. 125).

- An agreement with Resort Live, Inc., under which Plaintiff was paid $250 per show for the promotion of several shows by Resort Live, Inc. in the year 2000. (Patterson Dep., pp. 127-130). Shows that were scheduled for the year 2001 were canceled. (Patterson Dep., p. 129).

**Plaintiff's Response:**  Denies that he did not receive any revenue from the agreement with Salvoldi.  Patterson received a lump sum payment of $1,500 plus a % of sales in excess of a stated amount.  P Ex 40.

Denies that the description of the agreement with Madacy is accurate.  That agreement was provided in discovery and provided for a payment of $5,000 plus a royalty in excess of a stated amount .  P Ex 10.

Admits with respect to Dale Gagner Patterson admits that Gagner never paid any money as he was required to under the settlement agreement but states that Gagner is being sued for breach of the agreement.  P Ex 41, 74.

Admits that Patterson under the Resort Live, Inc license agreement was paid $250 per show for use of his registered service mark "SUPERSTARS OF WRESTLING" but not the logo. P Ex 7, 8.

**Defendant's Reply:**  TNA does not dispute that Pl.'s Ex. 40 is a settlement agreement between World Wrestling Association, Superstars of Wrestling, Inc. and Mario Salvoldi ("Licensor"), that Salvoldi was to pay Licensor $1,500, and that $1,000 had been paid.  Pl.'s Ex. 40 does not support Plaintiff's statement that the remaining $500 was actually paid to

Plaintiff by Salvoldi. TNA does not dispute that Pl.'s Ex. 10 is a license agreement between World Wrestling Entertainment, Superstars of Wrestling, Inc. ("Licensor") and Madacy Entertainment Group or that Madacy has to pay Licensor $5,000. Plaintiff's Exhibit 10 does not support Plaintiff's statement that $5,000 was actually paid to Plaintiff by Madacy. Plaintiff does not dispute that no royalties or percentage of sales have been paid to Plaintiff under either the Salvoldi or Madacy agreements. Further, Patterson testified that the "license fees" were actually paid to cover Plaintiff's attorney fees and that the license agreements were entered into to settle litigation. (Patterson Dep. at 119-124 & 144; Ex. R to 9/26/2006 Affidavit of Jennifer Puplava.)

38. Other than Plaintiff's unprofitable attempts to license his claimed protected phrases, Plaintiff's only use of his marks since 1993 has been at local wrestling events, which, since 1994, have occurred only once a year according to Plaintiff's own documentation. (Patterson Dep., pp. 155, 157). (See Exhibit D to TNA Entertainment's Brief, pp. 12, 13).

**Plaintiff's Response:** Patterson denies. Patterson's use of the marks has exceeded once a year when licensed shows are considered. See Exs 1-47, D Ex D Hughes interrogatory response.

**Defendant's Reply:** TNA does not dispute that Plaintiff entered into license agreements, but states that since 1993, Patterson has not personally televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee. (Patterson Dep., Ex. 2 at 12-13; attached as Ex. D to TNA Entertainment's Brief in Support of Motion for Summary Judgment; Patterson Dep at 157-159, 175-176, &183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.)

39. Plaintiff's use of his marks has not generated profit from these activities, and in fact he has lost money on these endeavors. (Patterson Dep., pp. 131, 138).

**Plaintiff's Response:** Admits. Patterson observes that defendant TNA also is losing money. P Ex 69. From this perspective, Patterson has substantially out performed the defendant.

**Defendant's Reply:** TNA does not dispute that it has operated at a loss each fiscal year since it began operations. (*See* Affidavit of Dean Broadhead, previously filed under seal.)

40. Plaintiff does not advertise on the Internet using his marks, and has not advertised on television at least since the year 2000. (Patterson Dep., pp. 158, 159).

**Plaintiff's Response:** Denies. Licensees of Patterson advertised on the internet and through pay per view networks. P Exs 7, 8, 10, 40, 41.

**Defendant's Reply:** Plaintiff fails to provide record citations supporting his statement. Pl.'s Ex. 7, 10, 40 and 41 are license agreements and do not support Plaintiff's statements that the licenses actually placed advertisements on the Internet. Pl.'s Ex. 8 is purported to be an acknowledgment by Resort Live, Inc., which appears at the end of the Dennis Rodman DVD stating that SUPERSTARS OF WRESTLING is a trademark or registered trademark owned by Plaintiff, but does not support Plaintiff's statement that the licenses actually placed advertisements on the Internet.

41. Since 2000, Plaintiff's only use of his marks has been at live local events in Wisconsin. (Patterson Dep., pp. 159, 183).

**Plaintiff's Response:** Denies. Patterson clearly disclosed the license agreements using the marks. P Exs 7, 8, 10, 40, 41.

**Defendant's Reply:** Pl.'s Ex. 7, 10, 40 and 41 are license agreements and do not support Plaintiff's statement that the licenses actually used the marks. Exhibit 8 is purported to be an acknowledgment by Resort Live, Inc. which appears at the end of the Dennis Rodman DVD stating that SUPERSTARS OF WRESTLING is a trademark or registered trademark owned by

Plaintiff, but does not support Plaintiff's statement that the licensees actually used the mark. Since 1993, Patterson has not televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee. (Patterson Dep., Ex. 2 at 12-13; attached as Ex. D to TNA Entertainment's Brief in Support of Motion for Summary Judgment; Patterson Dep at 157-159, 175-176, &183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.)

42.    Indeed, since TNA began producing wrestling events in 2002, Plaintiff has produced only one local event in June 2003 in Milwaukee, Wisconsin. (Patterson Dep., pp. 175, 176).

**Plaintiff's Response:** Denies. See events produced.

**Defendant's Reply:** Plaintiff provides no record citation for its denial.

43.    In contrast, Defendant TNA's televised events are regularly marketed throughout the country and its DVDs are sold throughout the country. (Barton Affidavit; Barton Dep., p. 87).

**Plaintiff's Response:** Admits that Defendant TNA's televised events are regularly marketed throughout the country and its DVDs are sold throughout the country but denies that argument "In contrast" to the extent that it could be deemed to be an admission of Fact 42 which has been denied.

**Defendant's Reply:** TNA withdraws the words "in contrast" from ¶ 43.

44.    Thus, during the entire period of TNA's corporate existence, Plaintiff has used his mark one time in a local Milwaukee event, without advertising on any of the media used to promote TNA's wrestling events.

**Plaintiff's Response:** Denies. Patterson disclosed the use of his marks at local events in response to interrogatories and under licensing agreements. P Exs 7, 8, 10, 40, 41;. D Ex D.

**Defendant's Reply:** Pl.'s Ex. 7, 10, 40 and 41 are license agreements and do not support Plaintiff's statement that the licensees actually used the marks. Ex. 8 is purported to be an acknowledgment by Resort Live, Inc. which appears at the end of the 2000 Dennis Rodman DVD stating that SUPERSTARS OF WRESTLING is a trademark or registered trademark owned by Plaintiff, but does not support Plaintiff's statement that the licensees actually used the mark. Since 1993, Patterson has not televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee. (Patterson Dep., Ex. 2 at 12-13; attached as Ex. D to TNA Entertainment's Brief in Support of Motion for Summary Judgment; Patterson Dep at 157-159, 175-176, &183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.)

45.     This Court has already acknowledged in its Decision and Order dated August 26, 2005 that Plaintiff has admitted TNA has not used any of the 12 phrases listed in Plaintiff's Complaint, including the two phrases which Plaintiff has registered with the U.S. Patent and Trademark Office (i.e., Superstars of Wrestling SW and World Wrestling Association). (August 25, 2005 Decision and Order, p. 5).

**Plaintiff's Response:** Patterson has requested leave to amend his response to request to admit based of new evidence learned by Patterson after the request to admit, and based on use by the defendant of the marks after the time that the admissions were deemed admitted. Moreover, the service mark had not been included in the fact. See court record.

**Defendant's Reply:** TNA does not dispute that Plaintiff has requested leave to amend his response to request to admit, but TNA disputes that Plaintiff is entitled to the requested amendment. (*See* TNA Entertainment's Response to Plaintiff's Motion for Leave to Amend His Response to Defendant's Request to Admit Instanter.)

46.     Plaintiff has not identified specifically what phrases it claims Defendant has used which would be confusingly similar to Plaintiff's marks, other than the phrase "World Wrestling Superstars," as reflected in this Court's August 26, 2005 Decision and Order.

**Plaintiff's Response:**  Denies.  Defendant has failed to assert authority for this fact. Patterson's Motion for Partial Summary Judgment has identified many instances of confusion including but not limited to Ex 63-66.  See also D Ex [sic].

**Defendant's Reply:**  Although Plaintiff noted that TNA failed to provide a record citation for paragraph 46, TNA cannot provide a record citation to prove a negative.  Pl.'s Exs. 62-66 are not advertisements in which TNA used Plaintiff's registered marks.  TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63.  (Barton Dep. at 91-93; Ex. F to 9/11/2006 Affidavit of Jennifer Puplava.)  TNA disputes that Pl.'s Ex. 64 uses any of Plaintiff's marks, and states that it uses the phrase "superstars of TNA Wrestling" and "wrestling superstars from Canada and Mexico."  TNA disputes that Pl.'s Ex. 65 uses any of Plaintiff's marks, and states that it uses the phrases "The Superstars of TNA Wrestling" and "for top wrestling superstars such as Jeff Jarrett . . ."  TNA disputes that Pl.'s Ex. 66 uses any of Plaintiff's marks, and states that it uses the phrase "the new superstars of professional wrestling" and "the superstars of the X Division."  None of these exhibits show how any customer or potential customer was confused or likely to be confused.

47.     In an effort to get a better understanding of Plaintiff's claim, Plaintiff was provided a list of phrases in his deposition at pages 73 through 81 and was asked for each phrase whether or not TNA would be prohibited from using the phrase.  When he indicated that literally every phrase specified that used the word "Superstars" was prohibited, he eventually stated his claim as follows:

> Q.     . . . it is your claim that you are the only person in the
>         wrestling entertainment business allowed to use the phrase

               – the word "Superstars" in conjunction with wrestling entertainment, true?

A.       That's my position in this litigation –

Q.       Okay.

A.       With TNA, yes.  (Patterson Dep., p. 81)

**Plaintiff's Response:**  Patterson admits that Patterson objects to the use of Superstars in conjunction with the word wrestling with respect to wrestling entertainment services.  P. Ex 1 which is Patterson's registration and renewal of SUPERSTARS OF WRESTLING disclaims "wrestling."  TNA's use of TNA SUPERSTARS means TNA SUPERSTARS OF WRESTLING.

**Defendant's Reply:**  TNA disputes that Plaintiff seeks only to prohibit use of the word "superstars" in connection with the word "wrestling," as Plaintiff testified that no other entity could use the word "superstars" in conjunction with wrestling entertainment, for example, "APW Superstars" and "classic superstars", where used in conjunction with wrestling entertainment, would be prohibited.  (Patterson Dep., pp. 79-81; Exhibit R to 9/26/2006 Affidavit of Jennifer Puplava).  Defendant further disputes Plaintiff's claim that he owns a registration of the tradename "SUPERSTARS OF WRESTLING."  Plaintiff's Reg. No. 1857015 is for the following composite mark:



(*See* Pl.'s Ex. 1.)

48.     TNA Entertainment has attached to its Brief examples of TNA's advertisements which were attached to Plaintiff's Amended Complaint and which Plaintiff has claimed infringe upon his marks.  Viewing these ads in their entirety, as purchasers in the marketplace would, it is

readily apparent that the event being promoted in an event produced and/or sponsored by TNA, whose name is prominently displayed in more than one place in the advertisement.

**Plaintiff's Response:**  Admits that TNA attached examples of its advertisements to its Brief.  Plaintiff denies any implication that these were the only advertisements by TNA and states that subsequent to the filing of the complaint, Plaintiff has learned of additional advertisements by TNA to which Patterson objects.  P Exs 63-66.

**Defendant's Reply:**  As described in TNA's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, Pl.'s Ex. 62-66 are not advertisements in which TNA used Plaintiff's registered marks.  TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63.  (Barton Dep. at 91-93; Ex. F to 9/11/2006 Affidavit of Jennifer Puplava.)  TNA disputes that Pl.'s Ex. 64 uses any of Plaintiff's marks, and states that it uses the phrases "superstars of TNA Wrestling" and "wrestling superstars from Canada and Mexico."  TNA disputes that Pl.'s Ex. 65 uses any of Plaintiff's marks, and states that it uses the phrases "The superstars of TNA wrestling" and "for top wrestling superstars such as Jeff Jarrett . . ."  TNA disputes that Pl.'s Ex. 66 uses any of Plaintiff's marks, and states that it uses the phrase "the new superstars of professional wrestling" and "the superstars of the X Division."  Plaintiff does not deny that the ads attached to TNA's brief make it apparent TNA is the sponsor/producer of the event.

49.     Plaintiff has yet to produce a single advertisement or promotional material for a TNA event in which TNA's name, as the producer and/or sponsor of the event is not clearly and unambiguously communicated.

**Plaintiff's Response:**  Plaintiff denies.  While TNA appears on its advertisements, the sponsor under the initials TNA is not always unambiguous.  Patterson produced the NWA-TNA SUPERSTARS OF WRESTLING advertisement for defendant's televised events in November

and December of 2002 and states that the sponsorship of these events was ambiguous to the extent NWA appears to be a co-sponsor with TNA.  P Ex 63.

**Defendant's Reply:**  Although Plaintiff noted that TNA failed to provide a record citation for ¶ 49, TNA cannot provide a record citation to prove a negative.  TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63 (Barton Dep. at 91-93) but this ad clearly shows Plaintiff is not the producer and/or sponsor of the advertised event, even if NWA is a co-sponsor.

50.     Defendant TNA conducts its live wrestling events in Nashville or Orlando, and markets live or recorded versions of those events through cable and satellite TV media and through nationally distributed DVDs.  (Barton Dep., pp. 34-35, 52).

**Plaintiff's Response:**  Admits.

51.     TNA's television and DVD product is markedly different than the live event attended by a local audience produced by Plaintiff once a year over the last decade.

**Plaintiff's Response:**  Admits that Patterson held at least one live event per year over the last decade.   See P Ex D, P Ex 1-47, P Ex 72.   Moreover, Patterson licensed the marks.  Moreover, both Patterson and TNA are in the business of wrestling entertainment.  To the extent the statement claims that the events are different, this is a conclusion without any factual basis of support.

**Defendant's Reply:**  To the extent that ¶ 51 contains a conclusion of law rather than a statement of fact, TNA withdraws such conclusion.

52.     The "products" of Plaintiff and Defendant are markedly different.

**Plaintiff's Response:**  Denies.  The statement appears to be a legal conclusion with no specific facts upon which to support the conclusion.  The statement lacks authority.

**Defendant's Reply:**  TNA withdraws ¶ 52.

53. Plaintiff's "marketing" through unprofitable live events have, for many years, been limited to southeast Wisconsin.

**Plaintiff's Response:** Denies. Patterson has licensed nationally and internationally. P Exs 7, 8, 10, 40, 41. Patterson objects to the lack of specificity regarding the years, but admits that in some years Patterson's events were solely in Wisconsin's largest metropolitan area, Milwaukee. D Ex D. P Ex 72.

**Defendant's Reply:** TNA does not dispute that Plaintiff entered into license agreements. Pl.'s Ex. 7, 10, 40 and 41 are license agreements and do not support Plaintiff's statement that the licensees actually used the marks. Ex. 8 is purported to be an acknowledgment by Resort Live, Inc. which appears at the end of the Dennis Rodman DVD stating that SUPERSTARS OF WRESTLING is a trademark or registered trademark owned by Plaintiff, but does not support Plaintiff's statement that the licensees actually used the mark. Since 1993, Patterson has not televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee. (Patterson Dep., Ex. 2 at 12-13; attached as Ex. D to TNA Entertainment's Brief in Support of Motion for Summary Judgment; Patterson Dep at 157-159, 175-176, &183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.)

54. In the *World Wrestling Entertainment* case, Judge Randa, after discussing the evidence presented, found:

> "The sole evidence on the degree of care exercised by consumers is that wrestling and are highly knowledgeable and loyal with respect to professional wrestling programming and merchandise. Such evidence indicates that the relevant consumers are sophisticated and would be careful in choosing wrestling events and related products. In other words, they would likely be able to differentiate the parties' respective products. Patterson has not raised a genuine issue of material fact with respect to the sophistication of consumers, which weighs against the likelihood

of confusion." *Patterson v. World Wrestling Entertainment, Inc. et al*, 2006 US Dist Lexis 7453 (E.D. Wis. January 31, 2006).

**Plaintiff's Response:** While Patterson admits that the statement quotes a part of Judge Randa's opinion, Patterson states that this is only a portion of Judge Randa's opinion and rejects any attempt by the defendant to limit Judge Randa's opinion to only the quoted portion.

**Defendant's Reply:** TNA admits that the quotation is only a part of Judge Randa's opinion.

55.     In the *World Wrestling Entertainment* case, Judge Randa found no genuine issue of material fact with respect to the sophistication of consumers in that case, and Plaintiff has presented no additional evidence in the context of this case leading to any different conclusion.

**Plaintiff's Response:** Patterson objects to defendant's attempt to present a legal conclusion regarding the findings by Judge Randa as a fact and states that statements such as this should be arguments based on the record in that case. Patterson has also presented new evidence in this case which was not presented in the litigation before Judge Randa with newly discovered evidence regarding defendant's use of Patterson's marks. Judicial notice of Randa opinion.

**Defendant's Reply:** As indicated by Plaintiff, support for this paragraph is Judge Randa's opinion. Furthermore, the so-called new evidence of TNA's advertising has nothing to do with the sophistication of wrestling consumers.

56.     In the present case, Plaintiff's claimed marks are extremely weak as applied to the words and phrases used by Defendant in its advertising materials.

**Plaintiff's Response:** Denies. This a conclusion of law and not a fact. Moreover, this statement is not supported by any authority as required. Moreover, assuming arguendo that Patterson's mark is weak, his mark is still entitled to protection and large entrepreneurs such a TNA which lose more each month than Patterson lost in a two decades, cannot simply take the tradename of small businesses, just because they are small. P Ex 69.

**Defendant's Reply:** To the extent that ¶ 56 contains a legal conclusion rather than a factual statement, TNA withdraws such conclusion. TNA disputes that Plaintiff's weak mark is entitled to protection. (*See* Brief in Support of TNA Entertainment, LLC's Motion for Summary Judgment.) Plaintiff has admitted his mark is weak at page 15 of his brief opposing TNA's motion for summary judgment.

57. Plaintiff contends that virtually every use of the word "Superstars" in conjunction with wrestling events is confusingly similar to Plaintiff's marks. This very claim epitomizes the antithesis of distinctiveness, and rather supports the contention that the term "Superstars" as used in conjunction with wrestling events is virtually universal with utterly no distinctiveness attached to it that would suggest origin of the product or event being promoted.

**Plaintiff's Response:** Admits sentence one. Denies sentence two. Sentence Two is a legal conclusion and/or argument rather than a fact. Moreover, sentence two is not supported by any authority as required by Local Rules.

**Defendant's Reply:** To the extent that the second sentence of ¶ 57 contains a legal conclusion rather than a factual statement, TNA withdraws such conclusion.

58. Widespread use of a mark by third parties demonstrates weakness of the mark as set forth above, as evidenced by the overwhelming number of "hits" from the Google search "Wrestling Superstars."

**Plaintiff's Response:** Denies. This statement is a conclusion of law, not a fact. Moreover, there is no support for this statement as required by Local Rules. Denies that the so-called hits from the Google search "Wrestling Superstars" are admissible evidence. First, there is no evidence which of the hits was with respect to professional wrestling entertainment services. There is no evidence regarding which hits involved joint use of both terms since a hit includes use of either one or both words. P Ex 70. Moreover, there is no evidence as to the

methodology Google used to respond to the search conducted or to the specifics of the search conducted.

**Defendant's Reply:** Support for this paragraph is in Pl.'s Ex. E (Google search) to its Motion for Summary Judgment and ¶¶ 21-22 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary Judgment. To the extent that ¶ 58 contains a legal conclusion rather than a factual statement, TNA withdraws such conclusion.

59. Plaintiff himself indicated that "everyone at this point wants to be wrestling superstars or superstars of wrestling." (Patterson Dep., pp. 86-87).

**Plaintiff's Response:** Admits that Patterson made the statement, and states that he was referring to the business of professional wrestling entertainment services.

**Defendant's Reply:** TNA disputes Plaintiff's characterization of his deposition testimony. Plaintiff testified as follows:

> "Q    Mr. Patterson, let me show you a document which we've marked as Exhibit 6. When I say a document, it's a collection of Internet printouts.
>
> MR. BOUTWELL: Do you have an extra one?
>
> MR. DONNELL: Oh, yeah, I'm sorry.
>
> MR. BOUTWELL: Thanks.
>
> BY MR. DONNELL:
>
> Q    And I will represent to you that this is actually an Internet search that I did, and all I did was type in the words wrestling superstars; do you see that at the top?
>
> A    Yes.
>
> Q    And I did a Google search for responses to that phrase; do you see that?
>
> A    Yes.

Q        And do you see that when I typed that in, the response was that there were over 2 million hits on that phrase of the use of those words, if you look back on page one?

A        Yes.

Q        Do you see that there are approximately 2,040,000 responses using those words?

A        Yes. I mean, everyone at this point in time wants to be wrestling superstars or superstars of wrestling.

Q        Okay.

A        And we are searching these parties out."

(Patterson Dep. at 86-87; Ex. R to 9/26/006 Affidavit of Jennifer Puplava.)

60.    Countless third parties are using phrases which include the word "Superstars," including phrases identical to those claimed by Plaintiff being protected in his Amended Complaint.

**Plaintiff's Response:** Denies that the statement is supported by authority as required by Local Rules. Denies as to relevance in that Patterson's complaint is strictly limited to the business of professional wrestling entertainment services.

**Defendant's Reply:** Support for this paragraph is in Pl.'s Ex. E to its Motion for Summary Judgment and ¶¶ 21-22 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary Judgment. Further support is found in Ex. M to the 9/26/2006 Affidavit of Jennifer Puplava.

61.    To the extent Plaintiff's "marks" ever had any distinctiveness, such quality has been diluted to the point of non-existence by the deluge of advertising in the wrestling entertainment area using the very same phrases and words.

**Plaintiff's Response:** Denies. This is a conclusion of law and not a statement of fact. Moreover, there is no support of authority as required by Local Rules. Denies that defendant has

appropriately presented an admissible evidence regarding a deluge of advertising with respect to wrestling entertainment services.

**Defendant's Reply:** Support for this paragraph is in Pl.'s Exs. E and M to its Motion for Summary Judgment and ¶¶ 21-22 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary Judgment. To the extent that ¶ 61 contains a conclusion of law rather than a statement of fact, TNA withdraws such conclusion.

62.    Plaintiff has not proffered any evidence whatsoever of actual confusion by the consuming public with respect to any of TNA's advertisements cited by Plaintiff.

**Plaintiff's Response:** Denies. See arguments with respect to actual use of plaintiff's marks. P Exs 1-47. D Ex D. P Facts 1-63.

**Defendant's Reply:** Although Plaintiff noted that TNA failed to provide a record citation for ¶ 62, TNA cannot provide a record citation to prove a negative. Although Plaintiff has purported to provide examples of TNA's use of his claimed marks, Plaintiff has not provided any evidence showing that any customer was confused by TNA's use of the marks. Moreover, Pl.'s Exs. 62-66 are not advertisements in which TNA used Plaintiff's registered marks. TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63. (Barton Dep. at 91-93; Ex. F to 9/11/2006 Affidavit of Jennifer Puplava.) TNA disputes that Pl.'s Ex. 65 uses any of Plaintiff's marks, and states that it uses the phrases "the superstars of TNA Wrestling" and "For top wrestling superstars" such as Jeff Jarrett. TNA disputes that Pl.'s Ex. 64 uses any of Plaintiff's marks, and states that it uses the phrases "superstars of TNA Wrestling" and "wrestling superstars in Canada and Mexico." TNA disputes that Pl.'s Ex. 66 uses any of Plaintiff's marks, and states that it uses the phrases "the new superstars of professional wrestling" and "the superstars of the X Division." Plaintiff also admitted this fact by failing to respond to TNA's Requests to Admit.

63. Plaintiff has admitted, and this Court acknowledged in its August 26, 2005 Decision and Order that, "The plaintiff has no evidence that any member of the public who purchased or viewed a TNA produced event believed that such event was produced, promoted or originated with or by the plaintiff." (Decision and Order, p. 6; see, also, Defendant's Request to Admit No. 3).

**Plaintiff's Response:** Denies. See 62 response.

**Defendant's Reply:** The Court's ruling, which references Plaintiff's admission speaks for itself.

64. There is no actual confusion in the present case.

**Plaintiff's Response:** Denies. See answers to D Facts 62 and 63.

**Defendant's Reply:** The Court's ruling, which references Plaintiff's admission speaks for itself.

65. Even the most casual review of the advertisements of TNA events which Plaintiff claims infringe on his marks leads to the unmistakable conclusion that TNA is not "passing off" its product as having come from the Plaintiff.

**Plaintiff's Response:** Denies. This statement is a conclusion of law without authority as required by Local Rules. However, Patterson has not made claims that defendant is "passing off" Patterson's products as its own. Rather TNA actions dilute Patterson's mark by using TNA along side Patterson's mark and result in confusion as to source when Patterson used his registered mark

**Defendant's Reply:** TNA accepts Plaintiff's admission that he does not claim TNA is "passing off" its products as Patterson's. Plaintiff provides no evidence to support the last sentence of his response, which is indirectly refuted by the Barton Affidavit.

66. TNA's advertisements repeatedly and conspicuously identified TNA as the promoter and producer of the event for the simple reason that TNA believes its name has substantial market value.

**Plaintiff's Response:** Admits that TNA's advertisements used TNA, but Patterson is without knowledge regarding the purported reason defendant uses TNA and states that the statement is without authority as required.

**Defendant's Reply:** Support for this statement comes directly from the ads Plaintiff has used as exhibits to oppose TNA's motion. TNA's advertisements conveyed the producer/promoter of the advertised event by the prominent use of TNA's name and logo. (Barton Aff., Ex. A to Brief in Support of TNA's Motion for Summary Judgment.)

67. Plaintiff has yet to produce a single advertisement of a TNA event that does not plainly, conspicuously and unambiguously identify TNA as the producer/promoter of the event.

**Plaintiff's Response:** Denies. See response to Fact 49.

**Defendant's Reply:** This fact duplicates paragraph 49 and is withdrawn.

68. Use of the word "Superstars" has become so common place in this industry that it is a descriptive term, rather than a term suggesting origin of the product.

**Plaintiff's Response:** Denies. This is a conclusion of law rather than a fact. Moreover, the statement is argument and is without supporting authority as required by Local Rules.

**Defendant's Reply:** TNA withdraws ¶ 68.

69. Virtually everyone in the wrestling industry claims its wrestlers are "superstars" as plainly evidenced by the promotional items identified in the Google search.

**Plaintiff's Response:** Denies. This is a conclusion of law rather than a fact. Moreover, the statement is argument and is without supporting authority as required. Moreover, the Google search is not admissible evidence for the reasons stated in response to Fact 58.

**Defendant's Reply:** *See* reply to ¶ 59.

70.    TNA adamantly denies that it ever had any intent to usurp or invade a protected mark of Plaintiff.  (*See* Barton Aff. attached to TNA Entertainment's Brief).

**Plaintiff's Response:**    Denies.    Defendant used Plaintiff's registered mark SUPERSTARS OF WRESTLING, and even after the filing of the complaint in this action, defendant has used the marks of plaintiff.  P Exs 64-66.  See Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006 and Plaintiff's Motion for Partial Summary Judgment, P.  Ex 3 with attachments.  Exhibit 63-66.

**Defendant's Reply:**  Plaintiff has provided no support for its denial.  Pl.'s Exs. 63-66 are not advertisements in which TNA used Plaintiff's registered marks.  TNA disputes that TNA created or placed the text in the advertisement at Pl.'s Ex. 63.  (Barton Dep. at 91-93; Ex. F to 9/11/2006 Affidavit of Jennifer Puplava.)  TNA disputes that Pl.'s Ex. 65 uses any of Plaintiff's marks, and states that it uses the phrases "the superstars of TNA Wrestling" and "For top wrestling superstars" such as Jeff Jarrett.  TNA disputes that Plaintiff's Exhibit 64 uses any of Plaintiff's marks, and states that it uses the phrases "superstars of TNA Wrestling" and "wrestling superstars in Canada and Mexico."  TNA disputes that Pl.'s Ex. 66 uses any of Plaintiff's marks, and states that it uses the phrase "the new superstars of professional wrestling" and "the superstars of the X Division."  Pl.'s Ex. 63 is not relevant to show TNA's intent.  (*See* Barton Aff., Ex. A to TNA's Brief in Support of Motion for Summary Judgment.)

71.    Even Plaintiff has admitted in connection with Defendant's Request to Admit No. 2 that "the Plaintiff has no information or evidence to establish or prove his claim that TNA knew of his claim to exclusive use of the phrases, marks, and/or trade names identified in the First Amended Complaint."  (August 26, 2005 Decision and Order, p. 6).

**Plaintiff's Response:** Denies. Plaintiff has moved to amend his answer to the Defendant's Request to Admit No 2 on the basis of evidence discovered after the deemed admission a do of the basis of advertisements placed by the Defendant after the date of the deemed admissions. See Patterson's Motion to For Leave to Amend His Responses to Defendant's Request for Admission filed August 11, 2006.

**Defendant's Reply:** TNA admits that Plaintiff has moved to amend his answer to Defendant's Request to Admit No 2, but disputes that Plaintiff is entitled to the requested amendment. (*See* Defendant TNA Entertainment's Response to Plaintiff's Motion for Leave to Amend His Responses to Defendant's Request to Admit Instanter.)

72.     TNA Entertainment's advertisements use the term "superstars" in a descriptive sense as opposed to a trademark sense. (See, e.g., Exhibit J-46 to Plaintiff's Amended Complaint, "Featuring Superstars from the National Wrestling Alliance . . ."; Exhibit J-48 to Plaintiff Complaint, "'TNA Total Non-Stop Action' Wednesdays in June. Featuring World Wrestling Superstars and the lovely TNA Girls. . ."; Plaintiff's Exhibit G-16, "If you are 18 years or older and would like to be the next TNA Wrestling Superstar, e-mail your contact information . . ."; Plaintiff's Exhibit G-20 "Go iN the ring. NWA-TNA wrestling is on pay-per-view. Catch action-packed matches, featuring some of today's World Wrestling Superstars and up-and-comers."; Plaintiff's Exhibit P-7 (DVD ad for "TNA wrestling: best of Jeff Hardy-Enigma," one of the most electrifying superstars in wrestling. . ."; Plaintiff's Exhibit P-9, "What other sacrifices will the superstars of TNA Wrestling have to make in order to survive this punishing night. . ." ).

**Plaintiff's Response:** Denies. Sentence one is a conclusion of law rather than a fact. Plaintiff admits that he did produce Exhibits J-46, J-48, G-16, G-20, P-7, P-9 and that these are advertisements by defendant TNA.

**Defendant's Reply:** To the extent that paragraph 72 contains any conclusion of law rather than statement of fact, TNA withdraws such conclusion.

73.     Plaintiff has clearly consented to the widespread use of the phrases he now claims TNA is prohibited from using.

**Plaintiff's Response:** Denies. This is a conclusion of law rather than a fact. Moreover, there is no authority for this statement as required. Plaintiff denies that he has ever consented to defendant's use of his marks. P Ex 68, p 36.

**Defendant's Reply:** TNA does not dispute that it did not receive permission from Plaintiff to use the word "superstars." Support for this paragraph is in Pl.'s Ex. E to TNA's Brief in Support of Motion for Summary Judgment, Ex. M to 9/26/2006 Affidavit of Jennifer Puplava, and ¶¶ 21-22 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary Judgment.) To the extent that ¶ 73 contains any conclusion of law rather than statement of fact, TNA withdraws such conclusion.

74.     After identifying numerous users of such phrases in the Google search referenced above, Plaintiff acknowledged that he has taken no action against these users of his claimed mark. (Patterson Dep., pp. 88-96).

**Plaintiff's Response:** Denies that the Google search referenced above is admissible evidence for any purpose. See Response to fact 58. At his deposition, Patterson was without knowledge regarding the identity of the promoters identified in certain advertisements and states that many of the advertisements by professional wrestling entertainment services were by TNA, WWE, Dale Gagner or licensed by Patterson. In fact Patterson has obtained an injunction against Dale Gagner and is currently suing Gagner to enforce that injunction. P Ex 74.

**Defendant's Reply:** Support for this paragraph is in Plaintiff's cited deposition testimony and TNA's Ex. E to its Brief in Support of Motion for Summary Judgment and ¶¶ 21-

22 of TNA's Statement of Uncontested Facts in Support of its Motion for Summary Judgment. To the extent that ¶ 58 contains a legal conclusion rather than a factual statement, TNA withdraws such conclusion.

75.     Plaintiff's use of his mark has become so sporadic and infrequent that he has effectively abandoned the mark.

**Plaintiff's Response:**  Patterson denies.  This is a conclusion of law rather than a fact and there is no statement of authority as required by Local Rules.  Patterson denies that he has abandoned any mark and states that defendant's use is preventing Patterson from using his mark in commerce.

**Defendant's Reply:**  TNA withdraws ¶ 75.

76.     According to Plaintiff, the last event he produced using the mark took place in June 1993 at a free admission event (Patterson Dep., p. 176), and in the context of TV productions, his last event occurred over a decade ago in 1993.  (Patterson Dep., p. 183).

**Plaintiff's Response:**  Denies.  In addition to D Ex D, see P EX 1-47 and 72.

**Defendant's Reply:**  TNA withdraws this statement as duplicative.

77.     Plaintiff's last use of the registered mark, "Superstars of Wrestling SW" in connection with "entertainment services in the nature of television programs featuring wrestling" occurred 13 years ago.

**Plaintiff's Response:**  Denies.  There is no statement of authority as required by Local Rules Patterson last use the marks in June 2006.  P.  Ex 72.

**Defendant's Reply:**  Since 1993, Patterson has not televised any wrestling events, and has personally utilized his claimed marks only in connection with production of live wrestling events which, since 1994, have occurred only once a year in Milwaukee.  (Patterson Dep., Ex. 2 at 12-13; attached as Ex. D to TNA Entertainment's Brief in Support of Motion for Summary

Judgment; Patterson Dep. at 157-159, 175-176, & 183; Ex. C to 9/11/2006 Affidavit of Jennifer Puplava.)


Dated: September 26, 2006       By: */s/Andrew A. Jones*

                                       Andrew A. Jones
                                       WHYTE HIRSCHBOECK DUDEK, S.C.
       555 East Wells Street, Suite 1900
       Milwaukee, WI 53202
       (414) 273-2100
       (414) 223-5000 (Fax)
       ajones@whdlaw.com

       Douglas A. Donnell (P33187)
       Jennifer A. Puplava (P58949)
       MIKA MEYERS BECKETT & JONES PLC
       900 Monroe Ave., N.W.
       Grand Rapids, MI 49503
       (616) 632-8000
       (616) 632-8000 (Fax)
       ddonnell@mmbjlaw.com

       Attorneys for Defendant TNA Entertainment LLC